AMELIA E. LONG, Appellant, *vs.* LOUISA A. COCKRELL, ADM'R OF THE ESTATE OF W. B. COCKRELL dec'd, Respondent.

1. *Replevin against constable—Title to property—Assessment of value—Return of to defendant.*—In replevin against a constable for an unlawful seizure where defendant put in issue plaintiff's title to the property, and the jury found for the plaintiff and assessed the value of the property at a greater sum than the amount of the execution, judgment should be for the return to the constable, of the entire property, or payment to him of its entire assessed value, and not merely for that of an amount equal to the execution. In such case the presumption would be that the jury found plaintiff to have no title to the property.

2. *Replevin—Action by married woman, without joining husband—Remedy by defendant.*—In replevin against a constable where it appears that plaintiff is a married woman, and her husband is not joined, defendant can obtain no personal judgment against her. His appropriate remedy is suit against her bondsmen, under the "Claim & Delivery" act, (Wagn. Stat., p. 1027, § 19,) for failure to prosecute the suit with effect.

*Appeal from Jackson Circuit Court.*

*Franklin & Napton,* for Appellant.

I. This court held in Dilworth vs. McKelvy, 30 Mo. 149, that the statute did not contemplate the assessment of the entire value of the property, except where the defendant is the absolute owner. Where as in the case at bar, the defendant has only a special interest in the property, the jury or court should assess the value of the interest. (See also Gilham vs. Kerone, 45 Mo., 489.)

The facts disclosed by the pleadings warrant a reversal of this cause. For the defendant has a judgment against the plaintiff, for more than double the amount claimed. The verdict should have been for the amount of the constable's lien, that is, the amount of the judgment and executions, and not for the whole value of the property.

*Lay & Belch,* for Respondent.

I. The judgment was properly rendered for the return of the property or its full value, against the plaintiff and sureties on the bond. (Fallon vs. Manning, 35 Mo., 271; Frei vs. Vogel, 40 Mo., 149.) The cases of Dilworth vs. McKelvy, 30 Mo., 149, and Gillham vs. Kerone, 45 Mo., 487, are not in con-

flict with this view, but rather support it. The answer alleges ownership in a party, other than the plaintiff. This was one of the issues presented by the pleadings. Evidence may have been offered, and no doubt was, upon this issue, and tending to show that plaintiff is a stranger to the title. None of the evidence or instructions are preserved. This question may have been submitted to the jury by the instructions of the court, and it is to be presumed in the absence of anything to the contrary that it was.

VORIES, Judge, delivered the opinion of the court.

This action was brought by the plaintiff, in the Jackson Circuit Court in October, 1871, against the intestate of the defendant, to recover the possession of certain personal property in the petition described, and which was charged to be of the value of three hundred dollars. The petition was in the usual form. The defendant in her answer, first denied the plaintiff's right to the possession of the property, and that it was wrongfully detained from her, and then, as an additional defense, charged that plaintiff was a married woman, and was then the wife of one Southey N. Long; that defendant's intestate was a duly elected and qualified constable of Kaw township in Jackson county, on the 4th day of January, 1870; that an attachment, and several executions, all of which were particularly described, and were for the aggregate amount of $139, were placed in his hands as such constable, to be by him duly levied and executed as the law directs, and all of which were against the property of the said Southey N. Long; that by virtue of said attachment and executions the said intestate levied upon and seized said property in the petition named, as the property of said Southey N. Long, by virtue of which he held the same at the time the same was replevied out of, and taken from, his possession by virtue of the orders and process issued in this suit. It is further averred that the property was at the time legally subject to be levied on and attached as the property of said Southey N. Long.

The plaintiff filed a replication to this answer, in which she

Long v. Cockrell, Adm'r Cockrell.

did not deny that she was a married woman, or that defendant's intestate was constable as charged, but did deny all of the other material affirmative allegations in the answer.

A trial was afterwards had before a jury, a verdict was rendered in favor of the defendant, and the value of the property assessed at three hundred dollars, and damages found in the sum of twenty five dollars. A motion was filed for a new trial which was overruled by the court, and judgment rendered against the plaintiff and her sureties on her replevin bond for the return of the property or for the payment of the sum of three hundred dollars and damages as found by the jury.

The plaintiff appealed to this court. There is no bill of exceptions filed in this case, and not a single exception saved to any ruling of the court. The motion for a new trial is not even made a part [of the record, by any bill of exceptions or otherwise. This court can therefore only look to the record to see if any error is apparent therein.

It is insisted by the plaintiff that it appears from the pleadings and judgment rendered in the cause, that the court erroneously rendered judgment against the plaintiff for the whole value of the property in controversy, when it appears from the defendant's answer that the property was only held by the defendant's intestate, by virtue of two judgments and executions and one attachment which had been delivered to him as constable, the aggregate amount of which was only claimed to be about one hundred and forty dollars; while the judgment was rendered against the plaintiff and the sureties on her bond, for either the return of the whole property or the payment of three hundred dollars together with damages for the detention of the property. It is insisted that the jury should have only assessed the value of the interest of the constable in the property, which was the amount of the executions. This position is not true in this case. It must have been found by the jury that plaintiff was not the owner of the property, and if the constable had seized the property under the executions, and it was of greater value than the amount of the executions, it would be the duty of the constable upon

a sale of the property, to have the surplus remaining after the payment of the executions ready to pay to the execution defendant on demand, and not to the plaintiff, who had no title thereto. Hence it was proper to assess the whole value of the property in his favor, and the court properly rendered judgment therefor.

There is however, an error appearing upon this record of a more serious nature. The defendant in her answer charges that the plaintiff is a married woman, and that she had a husband then living. The plaintiff in her replication fails to deny this charge, thus it stands admitted on the record, that the plaintiff is a married woman, and the answer states or points out who her husband is. And there is no pretense in this case that the plaintiff claims the property, and sues therefor in her own name, under the 14th section of the execution law in favor of married women. Our statute provides that when a married woman is a party, her husband must be joined, unless in a few excepted cases, named in the statute, the present case not being one of them, (Wagn. Stat., 1001, § 8,) yet this case is proceeded in, in the name of a married woman as plaintiff to final judgment.

It is scarcely necessary to say, that a personal or general judgment, rendered against a married woman, is erroneous if not void. (Bauer vs. Bauer, 40 Mo., 61.) In ordinary actions if it should appear by the pleadings in the cause to be admitted by the parties that the plaintiff was a married woman, it would be the duty of the court to either dismiss the action, or to have the husband of the plaintiff brought in as a party to the action under the 4th section of article 8th of the statutes of this State, (Wagn. Stat., 1034,) but in this case no personal judgment could be rendered against the plaintiff, so that the difficulty would not be remedied by bringing the husband in.

It would seem that the only appropriate remedy for the defendant in a case like this would be to dismiss the suit, and let the defendant seek her remedy under the 19th section of the statute concerning the "claim and delivery of personal

property," by action against the sureties on the bond, in consequence of the failure of the plaintiff to prosecute her suit with effect. At least, no personal judgment could be rendered against a married woman.

The judgment will be reversed, and the cause remanded The other judges concur.