LOBAUGH, *Appellant*, v. THOMPSON.

Covenants of the principal is no defense to the surety.

*Appeal from Henry Circuit Court.*—HON. F. P. WRIGHT, Judge.

REVERSED.

*M. A. Fyke* for appellant.

The fact that Mrs. Lobaugh was under coverture was no defense to the sureties. 55 Mo. 93; 63 Mo. 486; *Hicks v. Randolph*, 3 Baxt. 352; s. c., 27 Am. Rep. 760; *Unangst v. Fitler*, 84 Pa. St. 135. The husband was, by virtue of the bond and order of delivery, deprived of the actual possession of the property, and the same was wholly lost to him. The sureties, therefore, ought to be held liable. The bond is good as a common law bond. *Barnes v. Webster*, 16 Mo. 258; *Williams v. Coleman*, 49 Mo. 325.

*Geo. W. Dunn* and *Robt. C. McBeth* for respondents.

It will not be contended that a wife can maintain an action of replevin against her husband. And if so, with what reason can it be claimed that the husband is entitled to such a bond from his wife, or any benefits from such bond ? Again, the possession of the wife is the possession of the husband, and there could be no breach of the bond, to the damage of defendant, her husband; for when the officer had taken the property under the bond from the husband and delivered it to his wife, the possession was the same as before the officer had acted, and the husband was not damaged, either by the action of the officer or the plaintiff, defendant's wife. The damage claimed was for change of possession and loss of property. Now, if in law the property never was taken out of the possession of appellant, then he cannot recover on the bond; for it will not be claimed that he is entitled to recover damages for the conduct of his wife, either as against her as principal in the bond, or against respondents as her sureties. The bond is absolutely null and void, the husband and wife being one in law. In this sense, the appellant and his wife were both principals in the bond and both defendants in the replevin suit, as well as plaintiffs in said suit. The bond is not such as is contemplated by the statute and is void. *Bunn v. Jetmore*, 70 Mo. 228. There can be no surety without a principal.

NORTON, J.—This suit was instituted in the circuit court of Henry county, against the defendants, to recover damages for the breach of a replevin bond, which defendants had executed as the sureties for Rachel Lobaugh, who was not joined in the suit. Defendants, in their answer, after denying the allegations of the petition, set up as a defense that said Rachel Lobaugh, who was the principal in the bond, was the wife of plaintiff when the

said bond was executed, and when the replevin suit was brought; that the replevin suit for that reason was dismissed, and that the said bond was void by reason of the said Rachel being a married woman when she executed it. On the trial of the cause plaintiff was compelled to suffer a non-suit, because of instructions given by the court to the effect that because Rachel Lobaugh, the principal in the replevin bond, was a *femme covert*, the said bond was void not only as to her but also as to defendants, her sureties; and it is this action of the court that is claimed to be erroneous; and that it was erroneous, we think, is. shown by the cases of *Long v. Cockrell*, 55 Mo. 93, and *Weed Sewing Machine Co. v. Maxwell*, 63 Mo. 486, it being held in the latter case that "while the general rule is that the extent of the liability of the surety is measured by that of the principal, it is not of universal application, and exceptions to it may arise when the matter of defense pleaded by the principal is wholly of a personal character, as coverture or infancy." So in 1 vol. Parsons on Notes, page 244, it is said where one had signed a joint and several note with a married woman as surety, it was held that her successful plea of coverture was no defense to the surety. For the error committed in giving instructions in contravention of the principle above referred to, the judgment will be reversed and cause remanded, in which all concur, except RAY, J., absent.