ALEXANDER et al., *Appellants*, v. LYDICK.

1. **Married Woman**: HER PERSONAL CHATTELS. Prior to the act of 1875, (R. S., ? 3296,) personal chattels of the wife vested absolutely in the husband, and became subject to his debts.

2. ———: STATUTORY CONSTRUCTION: REVISED STATUTES, SECTION 3296. A sewing machine purchased by the wife in 1876, in part with the proceeds of a colt belonging to her husband, and in part with the

| | |
|---|---|
| 80 | 341 |
| 31a | 123 |
| 80 | 341 |
| 35a | 469 |
| 80 | 341 |
| 100 | 256 |
| 80 | 341 |
| 104 | 46 |
| 44a | 589 |
| 80 | 341 |
| 111 | 127 |
| 111 | 135 |
| 80 | 341 |
| 115 | 14 |
| 80 | 341 |
| 67a | 607 |

products of her farm, held not to have been acquired "with her separate money or means," so as to give her an independent title thereto, within the provision of the acts of 1875. R. S., § 3296.

3.   **Revised Statutes, Section 3296**: NECESSARIES FOR FAMILY. Medical services rendered the family are within the provisions of R. S., section 3295, subjecting her property to attachment and execution for debts and liabilities created by the husband for necessaries for the wife and family.

4.   **Husband and Wife**: GIFT BY HUSBAND: INSUFFICIENT EVIDENCE OF. On an examination of the evidence, *Held*, that it failed to show a complete and perfected gift to the wife, by the husband, of certain property, as claimed by her.

5.   **Married Woman**: GENERAL JUDGMENT AGAINST: HER CONTRACTS AND TORTS: LIABILITY FOR. A married woman is not liable on her contracts made during coverture, and no personal judgment can be rendered against her on account of them. She, however, is liable conjointly with her husband for torts committed during coverture, and a general judgment against her and her husband can be rendered therefor; but this liability relates only to such torts as she may have committed out of his presence, and without his order or consent; otherwise he is liable alone for them, and she is exempt, upon the presumption of being induced to commit them under his coercion.

6.   ——: REPLEVIN BOND: GENERAL JUDGMENT: SURETIES. While a general judgment cannot be rendered against a married woman on a replevin bond, yet it can be rendered against her co-principal and sureties, who are legally liable thereon.

*Appeal from Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*R. R. Kitt* for appellants.

The evidence shows conclusively that the property in dispute was that of plaintiff, Elizabeth Alexander, when the constable· seized it. Admitting that the property became the husband's by right of marriage, yet he has the right, when not in fraud of creditors, to make a gift of any personal property to the wife. *Richardson v. Lowry*, 67 Mo. 417. The judgment being a general one against a married

woman, is a nullity. *Gage v. Gates,* 62 Mo. 412; *Lincoln v. Rowe,* 64 Mo. 138; *Caldwell v. Stephens,* 57 Mo. 352; *Long v. Cockrell,* 55 Mo. 93. The judgment being void as to one, is void as to all, and if reversed as to one, it should be reversed as to all. *Cov. Mut. Ins. Co. v. Clover,* 36 Mo. 392; *Dickerson v. Crisman,* 28 Mo. 135; *St. Joseph Ins. Co. v. Hauck,* 71 Mo. 465.

*O. J. Chapman* and *L. A. Chapman* for respondent.

Prior to the act of the legislature of 1875, the wife's personal property vested *eo instanti* in the husband, and the rule was the same as to all such property which she ac-quired or became beneficially possessed of after the marriage. Kelley on Cont. of Married Women, 27; *Sallee v. Arnold,* 32 Mo. 532; *Walker v. Walker,* 25 Mo. 367; *Woodford v. Stephens,* 51 Mo. 443; *Clark v. Bank,* 47 Mo. 17; *Boyce v. Cayce,* 17 Mo. 47; *Hunt v. Thompson,* 6 Mo. 148. The wheat was liable in the attachment suit because based on a claim for necessaries—medical services being necessaries. R. S., § 3295; *Bevier v. Galloway,* 71 Ill. 517; *Cochran v. Lee,* 24 Ala. 380; *Grace v. Hall,* 2 Humph. (Tenn.) 29. The coverture of Elizabeth Alexander could not operate to dis-charge the sureties on the appeal bond. *Weed, etc., v. Max-well,* 63 Mo. 486; *Foxworth v. Bullock,* 44 Miss. 457; *Stil-well v. Bertrand,* 22 Ark. 375.

MARTIN, C.—This was an action for the claim and de-livery of personal property, consisting of some wheat, household furniture, wagon, sewing machine, books, book-case, etc., and was brought before a justice of the peace by whom judgment was rendered for plaintiff. On an appeal to the circuit court, judgment was given for the defendant against the plaintiffs and their sureties, for return of the property or payment of the value thereof, which was as-sessed at $70.

In the amended statement it is alleged that the plaint-

iffs are husband and wife, but that the property sued for belongs to the wife.   It appears from the evidence that the property was levied upon by the defendant, as constable, in obedience to the command of an attachment against Simeon Alexander, the husband, by his creditors.   As ground for their attachment, they alleged that defendant was about to move out of the state for the purposes of changing his domicile.   These attachment suits were sustained upon trial before the justice.

In the trial of this case the testimony consisted almost entirely of the statements of Mrs. Alexander.   She was married in 1874 to Simeon Alexander, her present husband. At that time she was the widow of John V. Curl, deceased, who died in 1872.   After his death a part of his land was set apart by the probate court as the homestead of his widow, where she was residing at the time of her second marriage. All the property claimed in the suit, except the wheat, wagon and sewing machine, she acquired from her former husband's estate.   The wagon she purchased with her own money in 1872.   The sewing machine she bought in 1876 with wood and apples from the homestead and proceeds of the sale of a colt foaled by a mare she had acquired from her first husband's estate.   The wheat was the product of the said homestead in 1879.   It appears that in September, 1878, the wife and husband separated, the husband intending to leave her.   She testified that he then gave to her all his interest in the personal property possessed by her before marriage with him or purchased since with her own money, and that this included all the property excepting the wheat.   About two months after he left her he changed his mind and returned again, and they were residing together on the same homestead where all the property was found at the time of the attachment. Simeon Alexander never owned any property of his own, but was insolvent at the date of his marriage and continued so until the time of the trial.   The debt on which the attachment was sued out and upon which judgment was

rendered consisted of an obligation of Simeon Alexander incurred in favor of Dr. Bottom, plaintiff in the attachment, for medical attendance and services rendered by him in behalf of George Curl, son of Mrs. Alexander, by her first husband, and who at the time of his sickness was a member of the family and residing with Mr. and Mrs. Alexander. The obligation was incurred in 1875.

I do not think the plaintiff was entitled to recover on this evidence. As to the property acquired by her from her former husband's estate prior to her second marriage, it consisted of chattels in possession. This property prior to the act of 1875 vested absolutely in the husband and became subject to his debts. *Sallee v. Arnold,* 32 Mo. 532; *Woodford v. Stephens,* 51 Mo. 443. There is no evidence in the case tending to prove that she ever had or was recognized by her husband as having a separate estate in this property. *McCoy v. Hyatt, ante* p. 130. The wagon which she purchased in 1872 would go to her husband upon her marriage along with the property acquired from her first husband's estate. She could not lawfully claim the sewing machine purchased in 1876. The evidence shows that it was purchased in part with the proceeds of a colt belonging to her husband and in part with wood and apples coming from the farm. After, as well as before, the act of 1875, the husband was entitled to enjoy the rents, issues and products of his wife's lands. The General Statutes of 1865 exempted them from execution for most of his debts and prohibited him from alienating them without joining with her in a deed. R. S. 1879, § 3,295. This machine, although acquired after the act of 1875, was clearly not acquired "with her separate money or means," so as to give her an independent title within the provisions of said act. R. S. 1879, § 3,296. The wheat being the product of the land, and vesting in him subject to the General Statutes of 1865, could not lawfully be claimed by her as against the process and debt in this case. The General Statutes of 1865 expressly subject such issues and products to attach-

ment and execution for necessaries for the family. R. S. 1879, § 3,295. Medical attendance seems to fall within the designation of necessaries. *Bevier v. Galloway*, 71 Ill. 517; *Cothran v. Lee*, 24 Ala. 380; *Grace v. Hale*, 2 Hump. (Tenn.) 29. The title to the whole or any of this property which she claims by virtue of a gift from her second husband is not in my opinion sustained by the evidence. She says that while entertaining the intention of leaving her he gave to her all this property; two months afterwards when the attachment was levied his intention of deserting her had been abandoned or revoked, and he is found in possession of all the property as husband just as before. There is no evidence that he held this property to his wife's separate use after his return. The possession of his property was as complete as the possession of his wife. I think the evidence fails to show a complete and perfected gift.

It is objected by appellants that the judgment was erroneous as being in part a general judgment against a married woman. Under section 2903, Revised Statutes 1879, it is provided that the judgment for defendant shall be against plaintiff and his sureties. One of the plaintiffs is a married woman, and it is claimed that a general judgment cannot be rendered against her for anything done by her during coverture. A married woman is not liable on her contracts made during coverture, and no personal judgment can be rendered against her on account of them. She is liable conjointly with her husband for her torts committed during coverture, and a general judgment against her and her husband can be rendered therefor. Cooley on Torts, 115; Schouler Dom. Rel., 102, 103. This liability relates only to such torts as she may have committed out of his presence and without his order or consent, otherwise he is liable alone for them, and she is exempt upon the presumption of being induced to commit them under his coercion. If she had taken and carried off the goods she sues for under the order of her husband, she would have been exempt from liability. She has, in conjunction with her husband,

obtained possession of the goods by employing a process in a case where it would not lie and in doing this she was presumably acting under the order of her husband, which would relieve her if it was an open trespass. It has been held that a general judgment for money cannot be rendered in a replevin suit against a married woman. *Long v. Cockrell*, 55 Mo. 93. Judge Vories rendering the opinion seems to think that the only appropriate remedy for the defendant in such case is to enforce a dismissal of the suit and bring an action against the sureties on the bond. In the case decided by him the husband was not as in this case joined as a party plaintiff. He leaves the propriety of taking a judgment against the principals and sureties as far as it can be given in the replevin proceeding undecided by the remark which concludes his opinion. "At least no personal judgment could be rendered against a married waman." It is well settled that the sureties are not relieved from the obligation of this bond by the coverture of the principals or any of them. *Weed Sewing Machine Co. v. Maxwell*, 63 Mo. 486. Now when the sureties in this case signed the bond they well knew that no judgment could be rendered against one of the plaintiffs in the replevin suit or anywhere else. They knew that their chief principal was the husband and that the wife was not bound. The judgment against the wife was erroneous under our decisions, but I see no good reason for remitting the defendant to his common law action on the bond. I think the defendant in the replevin suit is entitled to judgment against as many as are legally liable on the bond. This is all he could achieve in an independent suit, and I think it does not lie in the mouths of the sureties, who by signing the bond enabled the plaintiffs to obtain possession of property to which they were not lawfully entitled, to maintain an exemption from the judgment incident to the action. I think the judgment, according to the forms of the statute, should be rendered against them as far as it can be legally done.

Accordingly the judgment of the circuit court is reversed and the cause remanded, with instructions that a new judgment be entered that the defendant is entitled as against the plaintiffs to the right of property in the chattels sued for, and that defendant have leave to ask and take a judgment against Simeon Alexander and the sureties on the replevin bond for return of the property, or in his discretion, or in event a return cannot be had, a judgment for the value thereof as heretofore found against the said Simeon and the sureties on said replevin bond and for costs.   All concur.