THE STATE TO THE USE OF FRED. NAXERA ET AL., Appellants, v. HENRY J. ARMSTRONG ET AL., Respondents.

### St. Louis Court of Appeals, April 19, 1887.

1. MARRIED WOMEN—EXECUTIONS—FAMILY NECESSARIES.—The issuance of an execution against the property of a married woman, upon a judgment against her husband, in an action to which she was not a party, is void, regardless of whether the debt was for necessaries furnished the family.

2. ——— CONSTABLE—LIABILITY OF.—A constable is not liable for a failure to levy such an execution on the property of the married woman.

APPEAL from the Louisiana Court of Common Pleas, ELIJAH ROBINSON, Judge.

*Affirmed.*

JOHN W. MATSON, for the appellants: The judgment of the justice is conclusive, against the constable, in this action. *The State to use v. Miller*, 48 Mo. 251 ; *Yeoman v.*

*Younger*, 83 Mo. 424 ; Freeman on Judgments, sect. 272 ; Freeman on Executions, sects. 103 and 368. An officer is bound to make search for property. *Lowe v. Ownley*, 49 Mo. 71. And could not refuse to levy because the plaintiffs would not give indemnifying bond on his mere verbal request. *The State ex rel. v. Koontz*, 83 Mo. 323. The personal property of the wife is subject to the execution issued upon the justice's judgments rendered for "necessaries furnished the wife and family." Rev. Stat., sect. 3296 ; Freeman on Executions, sect. 127, p. 173 ; *Sloan v. Torrey*, 78 Mo. 623 ; *Alexander v. Lydick*, 80 Mo. 341.

DAVID A. BALL, for the respondents : The married woman's property could not be subjected to the payment of this judgment. *Gage v. Gates*, 62 Mo. 412; *Lincoln v. Rowe et al.*, 64 Mo. 138.

THOMPSON, J., delivered the opinion of the court.

This was an action upon a constable's bond, for damages alleged to have been sustained by the plaintiff through the failure of the constable to levy a special execution, which had been issued to enforce a judgment of a justice of the peace, rendered against Charles H. Sharpe, upon a note, given for necessaries furnished his family ; which execution, according to its terms, which followed the terms of the judgment, was leviable, not only on the property of Charles H. Sharpe, but, also, on the personal property of Sophia E. Sharpe, his wife. The trial took place before the court sitting as a jury, and a verdict and judgment were rendered for the defendants, from which this appeal is prosecuted.

Laying all other questions out of view, it does not appear that Mrs. Sharpe was a party to the suit before the justice of the peace, but it appears that her husband, alone, was a party defendant. So much of the judgment as sought to charge her separate personal estate with the payment of the debt, was, therefore, void. By stat-

ute, in this state, a married woman may have a separate estate in personal property (Rev. Stat., sect. 3296), subject, it is true, to execution for debts, or liabilities of her husband, created for necessaries for her or her family. But, it is idle to argue the question that the law throws around a married woman, in the protection and enjoyment of her separate property, the same safeguards which it throws aro und every other person. It can not be taken from her without due process of law ; and due process of law has not been had in a case where she has not been served with process, and had an opportunity to appear and be heard, prior to the rendition of a judgment awarding execution against such property. The constable was, therefore, right in refusing to levy on the personal property of Mrs. Sharpe, unless the plaintiffs would give an indemnifying bond, which they declined to do ; and the evidence shows that Mr. Sharpe had no property on which the execution could have been made. It, therefore, appears that the constable has been guilty of no negligence or wrong, and that this action is not maintainable.

   With the concurrence of Rombauer, J., the judgment is affirmed. Lewis, P. J., is absent.