JENNIE R. GABRIEL, Appellant, v. P. Y. MULLEN, Respondent.

Kansas City Court of Appeals, April 23, 1888.

1. PERSONAL PROPERTY OF MARRIED WOMEN—CHARACTER OF OWNERSHIP UNDER SECTION 3296, REVISED STATUTES—DUE PROCESS OF LAW—CASE ADJUDGED.—The property mentioned in section 3296, Revised Statutes (relating to personal property of married women), is by that section made the separate property of the wife, just as fully as property is vouchsafed to any other person : it is hers as absolutely as the husband's property is his. Her property could not be taken from her without due process of law ; and due process of law has not been had in a case where she has not been served with process, and had an opportunity to appear and be heard prior to the rendition of a judgment awarding execution against such property.

2. ACTION—PLEADING—PROCEEDING TO SUBJECT PROPERTY OF MARRIED WOMAN FOR DEBT—WHAT PETITION SHOULD CONTAIN.—Not only should a married woman be a party to a proceeding of the character of the case in controversy here, but the petition should show that she has a separate estate, and had at the time the debt was contracted. It should also describe such estate. The action is equitable and should be instituted in the circuit court—the only *forum* in this state, where a charge on the separate property of a married woman may be enforced. And the petition should allege that the debt could not be collected from the husband.

3. ——— ——— CHARACTER AND EXTENT OF HER LIABILITY UNDER THE STATUTE.—The statute under construction is, that her separate property "shall be subject to execution * * * for any debt or liability of her husband, created for necessaries for the wife or family." The meaning of this provision is, that the liability is only for debt for such necessaries as the husband is bound to furnish his wife and family : such as he is liable for at common law, under the marriage relation. This applies to such debts as the husband may be chargeable with *in invitum ;* such necessaries for the maintenance and comfort of the family, as in the absence of proper provision by him, his wife, or even a stranger, may supply to the family, and thereby fix a liability on him. Such considerations exclude the idea that the necessaries may be furnished the husband for his exclusive use.

APPEAL from Jasper Circuit Court, HON. M. G. McGREGOR, Judge.

*Reversed and remanded.*

*Ordered to be certified to Supreme Court.*

Statement of case by the court.

Section 3296, Revised Statutes, 1879 : "Any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, bequest, or inheritance, or by purchase with her separate money or means, or be due as the wages of her separate labor, or have grown out of any violation of her personal rights, shall, together with all income, increase, and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband. This section shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife: provided, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care, or protection thereof, but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, incumber, or otherwise dispose of the same for his own use and benefit ; but such property shall be subject to execution for the payment of the debts of the wife contracted before marriage, and for any debt or liability of her husband, created for necessaries for the wife or family." ( Laws 1875, p. 61, amended ).

ROBINSON & CROW, for the appellant.

I. There was no judgment against Jennie R. Gabriel, and no execution issued against her, and, therefore, no levy could be made on her property under the

execution against her husband, John F. Gabriel, held by defendant Mullen. The property of plaintiff could only be taken from her by due process of law, and her property is not subject to an execution issued upon a judgment rendered against her husband in a proceeding to which she was not a party. *The State to use v. Armstrong*, 25 Mo. App. 532 ; *Gage v. Gates*, 62 Mo. 412 ; *Lincoln v. Rowe*, 64 Mo. 138. And in such a case it is immaterial that the debt was for necessaries furnished the family. *The State to use v. Armstrong*, 25 Mo. App. 532.

II. If Jennie R. Gabriel had been a party to the suit, the judgment against her would have been a legal nullity, as she was a married woman, and hence an execution would not have reached her property. *Gage v. Gates*, 62 Mo. 412 ; *Lincoln v. Rowe*, 64 Mo. 139. Therefore, instructions two and three asked by plaintiff and refused by the court should have been given.

III. And if Jennie R. Gabriel's property had been liable for the debt for which the note was given it could only be reached by an appropriate proceeding in equity for that purpose. *Gage v. Gates*, 62 Mo. 417.

IV. The court should have given instruction number one asked by plaintiff and refused by the court. When the wife's estate is held liable under a statute for necessaries, the liability only extends to such as are regarded necessaries for the family, and not to anything which goes to the individual or exclusive use of the husband. Kelley's Contracts of Married Women, 177 ; *Hyley v. Collins*, 9 Ga. 224; *Pipkin v. Jones*, 52 Ala. 162 ; *McGee v. White*, 23 Texas, 180 ; *Suigfort v. Gardanne,* 9 La. An. 4. And it has been held that the liability of the wife's property for necessaries does not extend to medicines and medical care given the wife. Kelley's Contracts of Married Women, 178 ; *May v. Smith,* 48 Ala. 483 ; *Yates v. Lervey*, 65 Me. 221 ; *Thomas v. Passage*, 54 Ind. 114.

V. The general verdict should be set aside, when inconsistent with the special findings. Laws of Mo.

1885, p. 214; 15 N. W. Rep. 597. Therefore, the motion of plaintiff for judgment on the special findings should have been sustained by the court.

No brief for the respondent.

ELLISON, J.—Plaintiff is a married woman and brought this action of replevin for the possession of a roan mare, her separate property under section 3296, Revised Statutes. Defendant justified holding the mare by answer alleging that he was constable and as such officer had placed in his hands an execution against John Gabriel, husband of plaintiff; that said execution was issued on a judgment rendered by a justice of the peace in favor of August Rhodes, a physician, and against said John Gabriel, upon a note given by Gabriel for necessaries furnished the family of plaintiff; that under said execution, defendant seized and levied upon said horse and was proceeding to sell the same, when it was taken from him under the writ in this suit.

At the trial it was established that the mare was plaintiff's separate property under section 3296, Revised Statutes. It was likewise established that the note upon which judgment was rendered was executed by plaintiff's husband in settlement of a bill for medical services rendered John Gabriel exclusively or personally, as also for plaintiff and their children. In the suit on the note, plaintiff was not made a party.

The trial court, in effect, held the mare liable to the execution, and the verdict was, therefore, for the defendant, and plaintiff appeals.

I. The first question presented is, ought the plaintiff to have been made a party to the suit on the note? The question should be answered in the affirmative. The property mentioned in section 3296, is by that section made the separate property of the wife, just as fully as property is vouchsafed to any other person.

It is hers as absolutely as the husband's property is his. It is made subject to a certain charge or liability,

it is true, but it is only that. It is the first principle of enlightened jurisprudence that property cannot be taken from its owner without a hearing—due process of law.

In the case of *Houx v. Shaw*, 18 Mo. App. 45, we touched upon, but did not decide this question. It was there said, that, "it was not consonant with law or honesty, to suppose it (her property) could be taken from her in a proceeding in which she has no voice or control, and no opportunity to show the subject-matter of the action was not for necessaries, nor to avail herself of the right of appeal. Here would be an opportunity quickly embraced by a worthless husband, to collude with the creditors of his dissipation, and suffer a judgment in their favor, under pretext of necessaries for his wife and family. Liquor and gaming debts would easily metamorphose into family necessaries." The question has since been directly decided by the St. Louis Court of Appeals, in the case of *State to use v. Armstrong*, 25 Mo. App. 532. The court said, in that case, that her property could "not be taken from her without due process of law ; and due process of law has not been had in a case where she has not been served with process, and had an opportunity to appear and be heard, *prior to the rendition of a judgment* awarding execution against such property."

But it is said the wife may have her "day in court" after her property is taken ; that she may replevy it, or enjoin its sale. I see no force in such suggestion. Her property might be of a character which could be taken and sold without her knowledge. But aside from this, it would be queer law, which would permit a judgment to be rendered charging one's property with a liability, and yet permitting such an one to contest the matter when the property is seized under the judgment. The same argument would uphold the seizure of property of A on a judgment against B.

II. Not only should the wife be a party to a proceeding of this character; but the petition should show

that she has a separate estate, and had at the time the debt was contracted. It should also describe such estate. In Alabama, under a statute of like character to ours, it has been determined that the separate property sought to be charged must be described in the petition, and "the separate estate being an indispensable element of the proceeding, it must exist when the contract is made, out of which its liability arises; and its existence must continue to the institution of the suit. If when the contract is made the estate does not exist, the liability cannot arise, and if it is exhausted, or from any cause ceases to exist before the institution of the suit, there would be no foundation for a judgment as to the wife." *Pippin v. Jones*, 52 Ala. 161; *Ravisies v. Stoddart*, 32 Ala. 599; see also, *Arnold v. Brockenbrough*, 29 Mo. App. 625.

Moreover, the action is equitable and should be instituted in the circuit court, the only *forum* in this state where a charge on the separate property of a married woman may be had. And the petition should allege that the debt could not be collected from the husband. In other states the statutes provide in different ways for first attempting a collection off the husband, and while we have no such statutory provision, I am satisfied the legislature never intended to shift the burden of the support of the family from the husband to the wife. If a creditor, in the first instance, was permitted to make his debt out of the separate estate of the wife, it "would frustrate the primary liability of the husband to support his own family, and cast it upon the separate estate of the wife." *Davidson v. McCandlish*, 69 Pa. St. 169; *Bear's Estate*, 60 Pa. St. 430.

III. The statute is, that her separate property "shall be subject to execution * * * for any debt or liability of her husband, created for necessaries for the wife or family." The meaning of this provision is, that the liability is only for debt for such necessaries as the husband is bound to furnish his wife and family. Such as he is liable for at common law by virtue of the

marriage relation.    In Alabama, the statute, section
2371, is as follows:    "All property of the wife held by
her previous to the marriage, or which she may become
entitled to, after the marriage, in any manner, is the
separate estate of the wife, and is not subject to the
payment of the debts of the husband."    Sec. 2376:
"For all contracts for articles of comfort and support of
the household, suitable to the degree and condition in
life of the family, and for which the husband would be
responsible at common law, the separate estate of the
wife is liable," etc.

Under this statute it is held the separate estate is
liable to be charged with such debts "as the husband
may be chargeable with *in invitum;* such necessaries
for the maintenance and comfort of the family, as, in
the absence of proper provision by him, his wife, or
even a stranger, may supply to the family, and thereby
fix a liability on him."    *Durden v. McWilliams*, 31
Ala. 438; also, *Punch v. Walke*, 34 Ala. 494.

Of course such consideration excludes the idea that
the necessaries may be furnished the husband for his
exclusive use.    There is no law of the marital relation
making him liable for necessaries furnished himself;
such would be preposterous.    He is liable by his own
volition and contract for necessaries furnished himself,
but is liable *in invitum* for necessaries furnished
his wife and children.    It is compulsory by reason of
the marital relation and duty.    The wife was never lia-
ble for necessaries furnished the husband, and it would
be quite ridiculous to suppose the legislature intended
to compel a wife to keep a thriftless husband by charg-
ing her property with his support.    Where the articles
are of ordinary household use, and he partakes of the
benefit of them jointly with the other members of the
family, her estate would be liable.    This necessarily
results from the family association.    But if the articles
are for his exclusive use, her estate is not chargeable
with them.    Such has been decided in other states.

The case of *Durden v. Mc Williams*, 31 Ala. 438, was an attempt to hold the wife's separate estate on an account containing articles for the husband's exclusive use. Among them were "tobacco, cigars, pantaloons, boots, caps, fiddle-strings, hats, fish-hooks and lines, breast-pin, and a bottle of brandy." In disposing of this part of the case the court said, the separate estate of a married woman cannot be charged "for the wearing apparel of the husband, or any other article purchased for his individual or exclusive use. For articles which in their nature are used in common, and which are necessaries of the household in its collective capacity, the separate estate of the wife is chargeable."

The case of *May v. Smith*, 48 Ala. 483, was, like this, for medical services. The account for such services was made up, in part, of charges for services rendered the children of May by a former marriage, who were living with him as members of his family. Other portions of the account were for services rendered to his wife and her own child; but what proportion was for the wife and child, and what for the children by the former marriage, could not be ascertained. It was held that the wife's separate property could not be charged with the account. The court said, "The separate property of the wife is certainly not liable to the extent the husband's would be, in a corresponding case."

There is no doubt but proper medical attention, suitable to the condition in life of the parties, is among the necessaries for which a husband may be charged at common law by reason of the marital relation, and are, therefore, such as are contemplated by the statute, but such services rendered exclusively to the husband cannot be regarded as necessaries as contemplated by the common law or statute. Necessaries have reference to those whom the husband is bound to provide for, and when they are to be charged against the wife's property they must have been furnished to her, or to those to whom she may also owe a duty.

The judgment is reversed and the cause remanded. Philips, P. J., concurs in the result. Hall, J., concurs in all save as to the necessity of making the wife a party.

Hall, J., being of opinion that the majority opinion is in conflict with the holding of the Supreme Court in *Alexander v. Lydick*, 80 Mo. 341, the case is ordered to be certified to the Supreme Court; and proceeding further on the judgment of this court is stayed to await the action of the Supreme Court herein.