Louisa Bedsworth and Lamar Bedsworth, Respondents, v. Joseph Bowman, Appellant.

Kansas City Court of Appeals, May 10, 1888.

Married Women—Personal Property of Under Section 3296, Revised Statutes—Proceedings Necessary to Subject it to Debt for Necessaries—Case Adjudged.—In order to subject the wife's separate property, under the statute (Rev. Stat., sec. 3296), to execution for the payment of her husband's debt, created for necessaries for her or her family, it is necessary to make her a party defendant to the suit in which the judgment is rendered on such debt. And where the judgment is against the husband alone, as in this case, the execution issued upon it was no authority for the sheriff's action in levying upon the separate property of the wife. *Gabriel v. Mullen*, 30 Mo. App. 464, *reaffirmed*. (Hall, J., dissents.)

Appeal from Lafayette Circuit Court, Hon. Richard Field, Judge.

*Affirmed.*

*Certified to Supreme Court.*

The case is stated in the opinion.

Wallace & Chiles, Leslie Orear, and G. M. Sebree, for the appellant.

I. The court erred in giving the declaration of law numbered one asked for by plaintiffs and objected to by defendant, and in refusing to give the declaration of law numbered one as prayed by defendant. Session Acts 1875, p. 61 ; *Woodford v. Stephens*, 51 Mo. 443 ; *Barnes v. Bangert*, 16 Mo. App. 22 ; *Alexander v. Lydick*, 80 Mo. 341 ; Rev. Stat., 1879, secs. 3296, 3295 ; *Sallie v. Arnold*, 32 Mo. 532 ; *Fisher v. Anchor Line*, 15 Mo. App. 577 ; *Conrad v. Howard*, 89 Mo. 217.

II. The court erred in overruling defendant's motion in arrest of judgment. Rev. Stat., 1879, secs. 3854, 3856 ; *State ex rel. v. Dunn*, 60 Mo. 64, and cases cited.

III. Prior to the passage of the act of 1875 ( Sess. Acts, 1875, p. 61 ) declaring that "any personal property, including rights in action, belonging to any woman at her marriage, or which may have come to her during coverture by gift, etc., * * * shall, together with the income and profits thereof, be and remain her separate property, and under her sole control, and shall not be taken by any process of law for the debts of her husband," the husband could by simply taking possession or bringing under his control the personal property of the wife become the owner thereof, and render it liable for his debts. *Woodford v. Stephens*, 51 Mo. 443; *Salles v. Arnold*, 32 Mo. 532, 547. And property so under the control of the husband that he might at any time take manual possession of it was such a reduction to possession as gave him the title. *Barnes v. Bangert*, 16 Mo. App. 22; *Alexander v. Lydick*, 80 Mo. 341. And even such act of 1875 and section 3296, Revised Statutes, provide that the same shall not affect the title of the husband to any personal property reduced to his possession; under that act the husband has the right to reduce such personal property to his possession, the modification of his right being that such reduction to possession by him must be with the express assent of the wife in writing—including authority "to sell, encumber, or otherwise dispose of the same." It must be conceded that but for the provisions of the act of 1875, the common law would operate to vest the title to the wife's personalty in possession in the husband absolutely, and in construing this statute the court will not depart further from the common law than the language of the statute requires.

IV. The modifications and conditions of the wife's right to a separate estate in personal property under this act are embraced in these words at the end of the section, viz., "but such property shall be subject to execution for the payment of the debts of the wife contracted before marriage, and for any debt or liability of her husband created for necessaries for the wife or

family." The separate property of the wife by virtue of `
the act of 1875, and section 3296, Revised Statutes, 1879,
is not a complete separate property, or estate as defined
and treated of in equity jurisprudence, but a statutory
and qualified separate property, and the legislature had
the power to subject it to execution, as it did. *Fisher
v. Anchor Line*, 15 Mo. App. 577.

V. This species of legislation is not new in this
state. Sess. Acts, 1849, p. 67; Rev. Stat., 1855, chap.
63, p. 754; *Phelps v. Tappan*, 18 Mo. 393, 395. That
case arose out of a levy of an execution on the hus-
band's property for debt of wife. *Cunningham v. Gray,*
20 Mo. 170; *Tally v. Thompson*, 20 Mo. 277; *Harvey v.
Wickham*, 23 Mo. 112; *Hockaday v. Sallee*, 26 Mo. 219;
*Barbee v. Winer*, 27 Mo. 140. The case of *Alexander v.
Lydick*, 80 Mo. 341, fully sustains the position of appel-
lant in this case. See also Rev. Stat., 1879, sec. 3295;
*Conrad v. Howard*, 89 Mo. 217. The case of *State ex
rel. v. Armstrong*, 25 Mo. App. 532, relied on by res-
pondents, and upon which the court below relied in
making its finding for plaintiffs in this case, when
properly considered, we submit is not in point, and in
no wise affects the case at bar.

VI. The Supreme Court, in *Alexander v. Lydick,
supra*, clearly asserts the validity of the statute and
these proceedings, and that is the last controlling
decision of that court on this subject, and must prevail
over the interpretation given by the court below.

J. D. SHEWALTER and S. N. WILSON, for the
respondents.

I. The property being the separate property of the
wife, admitted by the pleadings and shown by the
evidence, she could not be deprived of it without due
process of law, and judgment and execution thereon
against her husband, was no process against her or her
property. *State ex rel. v. Armstrong*, 25 Mo. App. 532;
*Gitchell v. Messmer,* 14 Mo. App. 83; *O'Fallon v.
Clopton*, 14 Mo. App. 582; *Dogge v. Stumpe*, 73 Mo.
533; Const. Mo., art. 2, sec. 30; 52 Mo. 44.

II. While, under the statute, the separate personal property of a married woman is liable "for any debt or liability of her husband created for necessaries," yet the title to the property is in the wife; and the sheriff, being a mere executive officer, has no power to go behind the execution and the judgment and determine the consideration of the judgment, and to settle the judicial question of the existence or non-existence of the exceptional fact which makes the property subject to the payment of the debt which is the foundation of the judgment. The wife is entitled to her day in court, and the only manner in which her separate personal estate can be reached is in equity, or possibly by a suit against both, a judgment against the husband and a judicial determination of the fact by the judgment that it is for necessaries. *Kimball v. Silvers*, 22 Mo. App. 520; *State ex rel. v. Armstrong*, 25 Mo. App. 532; *Kimm v. Weipple*, 46 Mo. 532; *Whitesides v. Cannon*, 23 Mo. 457; *Gage v. Gates*, 62 Mo. 412; *Martin v. Colburn*, 88 Mo. 229; *Bachman v. Lewis*, 27 Mo. App. 81.

III. There was no evidence in this case that the judgment was for necessaries; the judgment being on a promissory note, the consideration of the note (though for necessaries) was merged in the note.

IV. The court did not err in overruling defendant's motion in arrest of judgment. The property in controversy was in possession of plaintiffs under their replevin bond, as was shown by the evidence. Rev. Stat., sec. 3857.

V. The case of *State ex rel. v. Armstrong*, 25 Mo. App. 532, is decisive of this.

WALLACE & CHILES, *et al.*, in reply.

I. The question involved in this case is more a question of the power of the legislature than one of the form of proceeding. The facts set out in the petition are admitted or not controverted.

II. The only question is, whether the legislature could, and did, by the act of 1875 (Sess. Acts 1875, p.

61 ), and Revised Statutes 1879, section 3296, in changing the law as to a married woman's personal property, and in making it her "separate property," and in exempting it from liability, "to be taken by any process of law for the debts of her husband," so qualify such exemption, by a proviso, as to make such statutory separate property "subject to execution * * * for any debt or liability of her husband created for necessaries for the wife or family;"—for this is what the legislature purports to do, and we submit, could do, and have done.    There is nothing unconstitutional in the act.

III.    If the legislature could create a separate property in personal property, in a married woman—it certainly could prescribe the conditions, and require the married woman to take it, *cum onere*.    Under section 2353, Revised Statutes, 1879, the Supreme Court have repeatedly held, that "personal property" is "subject to execution," on a judgment "for the purchase price thereof," against the purchaser, "even in the hands of a third person"—"except in the hands of an innocent purchaser for value without notice." *Parker v. Rodes*, 79 Mo. 88.    And in this case, it was even held error to join the third party in the suit.    See also, *Norris to use v. Brunswick*, 73 Mo. 256, where section 2353, Revised Statutes, is held to have "a much broader scope" than the act of 1874.    In *Milling Co. v. Turner*, 23 Mo. App. 103, this court not only reaffirms the doctrine of *Parker v. Rodes, supra*, but holds that the claim of a plaintiff in a judgment for the purchase price of personal property is superior to, and overrides prior attachments by other creditors, and this court there say, "it is clear that the Supreme Court entertains the opinion, that this statute should be so construed as to carry out the object for which it was enacted;" and if so, why should not the statute be so "construed as to carry out the object for which it was enacted?"

IV.    The statute must be taken altogether, and a married woman cannot claim the benefit of a part of it, and ignore the balance; if so, why may she not ignore

the part thereof, giving title to the husband, of personal property of the wife, "reduced to his possession, with the express assent of his wife"? It is not perceived why it is necessary to bring the wife into court by process, before the creditor can enforce, by execution, the collection of his debt against the husband, created for necessaries for the wife or family, out of the personal property of the wife, any more than it would be necessary to bring into court by process subsequent purchasers of personal property, liable for its purchase price, before an execution could be levied on the same; but the authorities, above cited, show that that is not necessary.

V. If personal property of a married woman should be levied upon, in a case where it is not liable for the debt of the husband created for necessaries for the wife, or family, under this statute, the question could be raised and determined in a suit by replevin, or by proceedings under the statute, and in that way the wife would have her "day in court," and "due process of law," required by the decision in *State ex rel. v. Armstrong*, 25 Mo. App. 532. For similar legislation, see Sess. Acts 1849, and Rev. Stat., 1855, chap. 63; Sess. Acts 1881, p. 61; *Phelps v. Tappan*, 18 Mo. 393, 395.

VI. In *State ex rel. v. Armstrong*, *supra*, what would it have availed, if Mrs. Sharp had been summoned before the justice of the peace, in the suit against her husband, Charles H. Sharp? A judgment at law against her, a married woman, would have been a nullity; and the justice had no equity jurisdiction to subject by judgment, or decree, her personal property to the payment of the debt, even if it appeared to be for necessaries for her.

VII. But we contend that the right to subject her personal property "to execution" for the debt of the husband for necessaries for the wife or family, being statutory, there is no provision or ground to institute equitable proceedings for that purpose even in the circuit court. The statute subjects it to execution without

suit against her.   And the questions as to whether such
property was the statutory separate property of the
wife, or as to whether the debt was created for necessa-
ries for the wife, etc., if denied, would have to be raised
by a replevin suit, or by proceedings under sections
2366 and 2367, Revised Statutes.   It is a matter of
defence to the levy, not to the suit.

VIII.   The cases of *Gage v. Gates*, 62 Mo. 412, and
*Lincoln v. Rowe*, 64 Mo. 138, cited in *State ex rel. v.
Armstrong*, *supra*, are not in point.

HALL, J.—The defendant as sheriff had levied on
certain personal property under an execution issued on
a judgment against Lamar Bedsworth for a debt created
for necessaries for his wife, Louisa Bedsworth, and her
family.   The wife was not a party to the suit in which
the judgment was rendered.   The property seized by
the defendant was, under section 3296, Revised Statutes,
but not otherwise, the separate property of the wife.
This action was instituted by the wife and the husband
for the claim and delivery of the wife's property thus
seized and detained by the defendant.

The section of the statute above mentioned, after
declaring what personal property belonging to a married
woman shall be her separate property, provides as
follows :   "But such property shall be subject to
execution for the payment of the debts of the wife con-
tracted before marriage, and for any debt or liability of
her husband, created for necessaries for the wife or
family."   The circuit court held that, in order to subject
the wife's separate property under the statute to execu-
tion for the payment of her husband's debt created for
necessaries for her or her family, it is necessary to make
her a party defendant to the suit in which the judgment
is rendered on such debt, and that, therefore, the
execution in this case was no authority for the defend-
ant's action in levying upon and detaining the separate
property of the female plaintiff.

This court has, in the case of *Gabriel v. Mullen*, 30

Mo. App. 464, announced the same conclusion. The subject is fully discussed in that case, and the process necessary to subject the wife's separate property to the payment of the husband's debt for necessaries for her or her family is therein pointed out. I dissented from the opinion of the majority of the court in that case. The judges concurring in that opinion still adhere to it, and in accordance with it the judgment of the circuit court will be affirmed.

From this conclusion I dissent because I think it essentially wrong and because I believe it in conflict with *Alexander v. Lydick*, 80 Mo. 341.

The result is that the judgment of the circuit court is affirmed, but since I think this result in conflict with. the decision of the Supreme Court in *Alexander v. Lydick, supra*, it is ordered that the original transcript and all other papers on file in this case be certified to the Supreme Court in order that the case may be there finally determined, and that all proceedings on the judgment of this court be stayed until the final determination of the case by the Supreme Court.