Wallich v. Morgan.

---

GEORGE E. WALLICH *et ux.*, Respondents, v. WILLIAM B. MORGAN, Appellant.

Kansas City Court of Appeals, February 17, 1890.

*Rehearing denied, March 1, 1890.*

1.  **Evidence:** HUSBAND AND WIFE: FORMER SUIT. In an action by husband and wife, it is not error to refuse to permit the defendant to inquire of the husband if he had not previously brought suit in his own name for the claim in suit, or for what purpose he had in his own name the written consent of the lessors to transfer the lease, the earnest money for sale and purchase of which constituted the claim in suit.

2. ———: DEMURRER TO: ALLEGATA ET PROBATA. In this case demurrer to evidence was properly refused, as to avail of a discrepancy between the *allegata* and the *probata* one must bring himself within the statute.

3. Instructions: TAKEN TOGETHER. The instructions must be taken in their entirety, and when so taken in this case, the law applicable to the whole case was fairly embraced in them.

*Appeal from the Jackson Circuit Court.*—HON. R. H. FIELD, Judge.

AFFIRMED.

*Withers & Strother*, for the appellant.

(1) (*a*) The court erred in refusing to permit defendant, on cross-examination of the plaintiff, George E. Wallich, to examine said Wallich as to whether he had not sued once himself for the same one hundred dollars in controversy in this suit. The evidence was competent to identify the parties to that suit, which was a matter in issue. It was also competent as a cross-examination of said Wallich. (*b*) The court also erred in refusing to permit the plaintiff and witness, George E. Wallich, on cross-examination, to testify in regard to the purpose for which he had had the paper containing the consent of lessors in the lease to the transfer of said lease to said Wallich. *Young v. Smith*, 25 Mo. 341, 345, *loc. cit.; Railroad v. Silver*, 56 Mo. 265; *State v. Brady*, 87 Mo. 142, 145, *et cas. cit.* (2) The court erred in overruling defendant's demurrer to the evidence at the close of plaintiffs' case. The contract set up in the petition was a joint contract in which plaintiffs were equally interested. The evidence of plaintiffs themselves showed that it was a contract with plaintiff, Luzilla Wallich, alone, and that her husband acted only as her agent. A party cannot sue on one cause of action, and recover on another and different cause of action. *Beck v. Ferrara*, 19 Mo. 30; *Dougherty v. Matthews*, 35 Mo. 520, 528; *Welles v. Gaty*, 9 Mo. 561, 565. (3) The court erred in giving plaintiffs' first

instruction. (*a*) It authorizes a recovery by plaintiffs upon a contract different from that set up in their petition. *Bank v. Murdock,* 62 Mo. 70, 73; *Moffat v. Conklin,* 35 Mo. 453; *Brown v. Railroad,* 80 Mo. 457; *Taylor v. Railroad,* 28 Mo. App. 552. (*b*) It also purports to cover the whole case, and yet ignores altogether the points raised by defendant's evidence. *Clark v. Hammerle,* 27 Mo. 70; *Sawyer v. Railroad,* 37 Mo. 263; *Fitzgerald v. Hayward,* 50 Mo. 516, 523. (*c*) It does not confine the jury to finding the existence of the particular contract set up in the petition, but leaves them to wander about *in nubibus,* in search of "a contract."

*John F. Waters,* for the respondents.

(1) The court committed no error in excluding the evidence of Geo. E. Wallich, on cross-examination, as to whether he had not sued himself for the same one hundred dollars in controversy in this suit. (*a*) Because the record of the suit and what it was for was the best evidence. (*b*) If there was an adjudication therein, for or against Geo. E. Wallich, that would not bind his wife. *Gabriel v. Mullen,* 30 Mo. App. 464. (*c*) No evidence had been offered showing that he had acted as her agent in that suit. At common law he could not speak at all, and the statute does not extend the scope of cross-examination, greater than direct examination of a husband as a witness for or against his wife. (2) The court committed no error in rejecting the evidence of Geo. E. Wallich on cross-examination in regard to the purpose for which he had the paper containing the consent of lessors in the lease to the transfer of said lease to said Wallich. (*a*) Because his agency was not established. (*b*) Because appellant's counsel failed to state what he proposed to prove by the witness, and the court had no means of determining whether the evidence was material and competent or not, and this court will not review the action of the

lower court. *Jackson v. Hardin*, 83 Mo. 175; *Bank v. Aull*, 80 Mo. 199; *Bank v. Wills*, 79 Mo. 275. (3) There was no variance between the proof and the pleadings, and, even granting that there was, respondent has not brought himself within the rule to make the irregularity available to him. He should have filed his affidavit under the statute. *Gaty v. Sack*, 19 Mo. App. 474, citing *Turner v. Railroad*, 51 Mo. 501; *Olmstead v. Smith*, 87 Mo. 602, 607. The action being brought in a justice's court, such strictness is not to be exacted. *Gaty v. Sack*, 19 Mo. App. 474, citing *Metz v. Eddy*, 21 Mo. 13.

SMITH, P. J.—This suit, which originated before a justice of the peace, was brought to recover the sum of one hundred dollars, which had been paid by plaintiffs to defendant to make binding a certain verbal contract for the sale and purchase of a hotel lease and furniture. The plaintiffs had judgment in the court below to reverse which this appeal is prosecuted.

I. No error is perceived in the action of the circuit court in refusing to permit the defendant to inquire of the plaintiff, George E. Wallich, whether or not he had previously brought suit in his own name for said one hundred dollars, because the record of such suit was the best evidence of the fact, if it existed; and further because that suit could in no way affect or bind the other plaintiff who was not a party thereto. *Gabriel v. Mullen*, 30 Mo. App. 464.

II. Nor is any harmful error perceived in the action of the circuit court in refusing to permit the plaintiff, Wallich, on cross-examination to state for what purpose he had procured in his name the written consent of the lessors to transfer said hotel lease to him. This was wholly immaterial and could not be made the basis of an impeachment of the plaintiff witness. If the testimony sought to be elicited tended to contradict the plaintiff, it was in a very remote degree. If it was an

error, it was so slight that no court would be justified in disturbing the judgment for that reason.

III.   Nor did the circuit court err in overruling the defendant's demurrer to the plaintiffs' evidence.   If there was a discrepancy between the *allegata* and *probata* which was material, as the defendant contends, in order to make that irregularity available, it was necessary for him to have brought himself within the statutory rule for that purpose, of which there is no pretense. R. S., sec. 3565; *Gaty v. Sack*, 19 Mo. App. 470.

IV.   Nor is there error in the giving of instructions.   The instructions must be taken in their entirety. *Railway Co. v. Vivian*, 33 Mo. App. 583.   And when so taken the law applicable to the whole case, we think, was fairly embraced in them.   The instructions given for defendant by the court were exceedingly favorable to his side of the case, and we think that he has no valid ground of complaint on that account.

Upon an examination of the whole case, we have discovered no error prejudicial to the defendant; the judgment of the circuit court is therefore affirmed.   All concur.

*Rehearing denied, March 1, 1890.*