## LUTHER V. BELL *vs.* JAMES S. TUTTLE.

Prior to *St.* 1859, c. 127, a discharge in insolvency was no bar to a claim for the rent or a dwelling-house occupied by a debtor and his family, if such claim had not been proved against his estate.

MERRICK, J. The statute provides that no discharge of an insolvent debtor shall bar any claim for necessaries furnished to him or to his family, unless it was proved against his estate *St.* 1848, *c.* 304, § 10. The claim which the plaintiff seeks to recover in this action was for rent for a dwelling-house occupied by the defendant and his wife and their three or four children, and was not proved against his estate. The question therefore is, whether it was a debt for necessaries within the meaning of the statute. The presiding judge ruled at the trial that it was and this ruling we think was correct. A habitation or place of abode is needful to the decent and comfortable support of a family, and the preservation of the health and lives of its members; and is little, if at all, less essential for that purpose than fuel, food or raiment. It was evidently so regarded by the legislature; for by the *St.* 1859, *c.* 127, it is declared that debts for rent shall be held to be claims for necessaries in all the courts in the Commonwealth. This cannot be regarded so much a provision for establishing, by a new and positive rule, that rent for a dwelling-house for the use of the family of an insolvent debtor shall be considered as a claim for necessaries, as an explanatory and declaratory act defining the meaning of that expression where it is used in previous enactments.

In the case of *Prentice* v. *Richards*, 8 Gray, 227, cited and relied upon by the defendant, it was held that the lease of a boarding-house could not be regarded as creating a claim for necessaries. The house in that case was hired for the purpose of carrying on a particular business, and thus of using it as a means of obtaining a livelihood. In this respect it closely resembles the supply of money to be employed as capital in trade or commerce, or in any employment or enterprise from which gain

and profit are anticipated or sought to be derived. It is wholly unlike providing a tenement of moderate and reasonable cost, suitable to their condition and used merely as a residence and shelter for himself and family, by a debtor who has otherwise no means to procure one. In such case, the claim for rent seems clearly to be, within the intention of the legislature and the meaning of the words in the statute, a claim for necessaries; and consequently a discharge in insolvency is no bar to its re covery. *Exceptions overruled.*

*A. W. Boardman,* for the plaintiff.

*A. V. Lynde,* for the defendant.