# Fell *versus* Brown.

1.   A married woman is not liable for the breach of a contract made by her for articles necessary for the support of the family of herself and husband.

2.   To maintain an action against a married woman on her contract, the pleadings must set out, and the evidence must sustain, not only that the debt was contracted by her, but that it was incurred for articles necessary for the support of the family of herself and husband.

January 14th, 1887.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, J. J.   CLARK, J., absent.

ERROR to the Court of Common Pleas, No. 3, of *Philadelphia County* : Of July Term, 1886, No. 196.

Case by H. H. Brown against Reese D. Fell and Ella G. Fell, his wife.   Plea not guilty by Ella G. Fell.   A judgment was obtained against Reese D. Fell for want of a plea.   The narr alleged that Ella G. Fell, the wife of Reese D. Fell, acting through an agent bought of the plaintiff certain furniture in a house leased by the plaintiff, and agreed to purchase all his right in the lease of said house, upon the terms that the said furniture and the said lease should be delivered by the plaintiff to the defendant and accepted and paid for by her; and although the plaintiff has performed all the conditions precedent on his part, and all things have happened and occurred, and all periods of time have elapsed to entitle the plaintiff to a performance of the defendant's contract, and although the defendants have been repeatedly requested to carry out and perform the agreement which they made with the plaintiff, and although said furniture and said lease were necessaries for the support and maintenance of said Ella G. Fell, in her rank, degree and station in life, and as such contracted for by her, yet the defendants did not accept or pay for the furniture or lease as aforesaid whereby the plaintiff has incurred expense in keeping the said furniture, and in endeavoring to procure the completion of said contract by the defendants, and has been forced to resell the said furniture and lease after notice to Ella G. Fell, for prices less than the prices to have been paid by the defendants, and has incurred costs, etc.

The following are the facts of the case as they appeared on the trial :   Ella G. Fell was a married woman, not living with her husband.   In September, 1884, she contracted with the plaintiff to purchase from him the lease of a dwelling house, which he was then occupying, for the sum of $800, and the

furniture in the house for the sum of $2,500. She agreed to pay cash for the same upon taking possession; when she went to take possession, the plaintiff was not in the house; the servant admitted her, she examined the furniture, and declared that some of it had been removed, that it was not all that she bought, and she therefore declined to receive any of it. It was not seriously disputed that the lease and furniture were necessaries for the support and maintenance of the defendant, Ella G. Fell, in her rank, degree and station in life. After notifying her to comply with her contract, or the lease and furniture would be sold at a time specified, Mr Brown sold them for a price much smaller than Ella G. Fell had contracted to pay.

Verdict for the plaintiff in the sum of $1,505.84. The defendant moved in arrest of judgment, and for a new trial. The following are the reasons filed in support of her motion in arrest of judgment:

1. Because said defendant, Ella G. Fell, is a married woman and as such is not liable in any action to recover damages for a breach of her unexecuted contract.

2. Because the record does not make out a case of liability under the Act of April 11th, 1884, against the defendant, Ella G. Fell.

3. Because said defendant, Ella G. Fell, is not liable to be sued for damages for a refusal to complete the purchase.

4. Because the title to the furniture never vested in the defendant, Ella G. Fell.

A new trial was refused. The plaintiff filed additional counts to her narr, viz: For goods sold and delivered, and for money due and owing.

Motion in arrest of judgment was overruled, and judgment entered on the verdict, whereupon the defendant took this writ assigning for error, inter alia, the action of the court in entering judgment on the verdict.

J. O. Bowman for plaintiff in error.—A married woman is not liable for any debts unless they fall within the provisions of the Act of April 11th, 1848. The plaintiff below claimed Mrs. Fell was liable under section 8 of that Act.

The special clauses of the Act relating to the debts for which she may be held liable have been so construed as to limit them to the purpose of protection and not loosely, so as to expand her contract, capacity or liability: Mahon v. Gormley, 24 Pa. St., 80; Petit v. Fetz, executor, 33 Id., 120; Murray v. Keys, 35 Id., 384; Parke v. Kleeber, 37 Id., 251; Hughes v. Jones, 32 Id., 433; Glyde v. Kleister, 32 Id., 85; Berger v. Clark, 79 Id., 340; Shannon v. Shultz, 87 Id., 484; Needham v. Woolens, 12 W. N. C., 525.

[Fell *v.* Brown.]

It has therefore been held in interpreting the eighth section of the Act of 1848, as to her liability for necessaries, that both the pleadings and the evidence must make out a case of liability under it. The pleadings must set out a debt contracted by the wife, and that it was incurred for articles necessary for the support of the family of the husband and wife, and the evidence must establish these facts: Berger *v.* Clark, 79 Pa. St., 340.

To charge the seperate estate of the wife, the declaration must aver that the debt was contracted by the wife, and for necessaries, or it is incurably defective and a verdict will not be sustained upon it. Parke and wife *v.* Cleeber, 37 Pa. St., 51.

*Albert B. Weimer* and *Geo. L. Crawford*, (*Geo. M. Dallas* with them) for defendant in error.—A married woman in Pennsylvania is now liable on her executory contract for necessaries.

The Act of 1848, section 6, provides that nothing therein shall protect her liability for debts contracted by herself, or in her name by any person authorized so to do, and section 8, that in all cases where debts may be contracted for necessaries for the support and maintenance of the family of any married woman, the creditor may sue her and her husband and make her estate liable, as provided in the Act, provided that it shall have been proved that the debt was contracted by the wife or incurred for articles necessary for the support of the family of the said husband and wife.

The Act thus expressly makes her liable for debts contracted by her for necessaries, which includes all contracts for necessaries, executed or executory, for which *indebitatus assumpsit* will lie. The Act nowhere says that the necessaries must be furnished and delivered.

And when the Act thus expressly removes her disability to contract for necessaries, it makes her *sui juris* in all respects as to her liability on such contracts: Swayne *v.* Lyon, 67 Pa. St., 436; Steinman *v.* Henderson, 13 Norris, 313; Shaplen *v.* Elliott, 17 W. N. C., 478.

Mr. Justice GORDON delivered the opinion of the Court, February 7th, 1887.

If courts and counsel would but reflect for one moment on the status of the married woman at common law and then turn to our statutes to ascertain how far the rule of that law has been relaxed, we should have fewer cases like that now before us. At common law the contract of a married woman, even for family necessaries, was void, and the only modification of this rule so far as our commonwealth is concerned, is found in

[Fell *v.* Brown.]

the Act of the 11th of April, 1848. This Act, however, provides " that judgment shall not be rendered against the wife, in such joint action, unless it shall have been proved that the debt sued for in such action was contracted by the wife, or incurred for articles necessary for the support of the family of the husband and wife." And the action authorized by the preceding part of the section in which the recited proviso is found, gives the creditor a joint action against the husband and wife for debts contracted for necessaries for the support and maintenance of the family of the married woman. But we have before us an action against husband and wife, not for the price of articles furnished, and which were necessary for the support of the family, but for damages alleged to have resulted from a breach of her contract with the plaintiff. We need hardly say, that neither common law nor statute warrants an action such as this. But more than this; it was held by this court in Berger *v.* Clark, 79 Pa., 340; citing Murray *v.* Keys, 11 Ca., 384; Park *v.* Kleeber, 1 Wr., 251; Bear's Estate, 10 P. F. S., 430, and Davidson *v.* McCandlish, 19 Id., 169, that the pleadings must not only set out a debt contracted by the wife, but that it was incurred for articles necessary for the support of the family of the husband and wife, and that the evidence must establish these facts. When, however, we turn to the plaintiff's *narr*, we find that the rule stated by the cases cited, and which is in fact but a statement of the peremptory requirement of the statute, has not been complied with. But it is therein stated "that the said furniture and the said lease were necessaries for the support and maintenance of said Ella G. Fell in her rank, degree and station in life, and as such contracted for by her." This is no compliance with the Act, even if the alleged necessaries had been furnished, which they were not. This count would be good against the husband for and on account of goods furnished to his wife; but clearly not good under the 8th section of the Act of 1848 to charge her for necessaries furnished the family. Neither does this *narr* charge that she received from the plaintiff anything necessary or unnecessary, but simply a breach of contract. The object of the Act was to enable her, in relief of the family of which she might be a member, by her contract to procure food, clothing and other things of prime necessity for its comfort and use, but where that contract is productive of nothing that will subserve that use, it is clear that it is neither within the spirit and meaning, nor letter of the Act.

The judgment is reversed.