BEDSWORTH *et al.* v. BOWMAN, *Appellant.*

DIVISION TWO.

1. **Married Woman**: SEPARATE ESTATE : EXECUTION.   The separate property of the wife, as defined under the married woman's act (R. S. 1879, sec. 3296), cannot be subjected to the satisfaction of a judgment against the husband *alone*, although the debt for which it was rendered was created by the husband for necessaries for the wife and family.

2. —— : ——.   Neither a married woman's separate estate in equity nor her statutory separate estate can be charged without her being made a party to the proceeding to enforce said charge.

3. —— : ——.   The statutory separate estate is a legal one, and was intended to be proceeded against as such for a debt for necessaries, the same as if the wife were a *feme sole*.

*Appeal from LaFayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Wallace & Childs, Leslie Orear* and *G. M. Sebree* for appellant.

(1) The court erred in giving the declaration of law, numbered 1, asked for by plaintiffs and objected to by defendant, and in refusing to give the declaration of law, numbered 1, as prayed by the defendant.  Sess. Acts, 1875, p. 61 ; *Woodford v. Stevens*, 51 Mo. 443 ; *Barnes v. Bangert*, 16 Mo. App. 22 ; *Alexander v. Lydick*, 80 Mo. 341 ; R. S. 1879, secs. 3296, 3295 ; *Sallee v. Arnold*, 32 Mo. 532 ; *Fisher v. Anchor Line*, 15 Mo. App. 577 ; *Conrad v. Howard*, 89 Mo. 217.   (2) The court erred in overruling defendant's motion in arrest of judgment.  R. S. 1879, secs. 3854, 3856.   *State ex rel. v. Dunn*, 60 Mo. 64, and cases cited.

*J. D. Shewalter* and *S. N. Wilson* for respondent.

( 1 ) The property in controversy being the separate estate of his wife ( so admitted by the pleadings and shown, without contradiction, by the evidence ) she could not be deprived of that property or any title or interest therein without due process of law, and judgment and execution thereon against her husband was no process against her or her property. *State ex rel. v. Armstrong*, 25 Mo. 532 ; *Gitchell v. Messmer*, 14 Mo. App. 83 ; *O'Fallon v. Clopton*, 14 Mo. App. 582 ; *Dugge v. Stumpe*, 73 Mo. 513 ; Const. Mo., art. 2, sec. 30 ; *Criley v. Vassel*, 52 Mo. 449. ( 2 ) While under the statute the separate personal property of a married woman is liable " for any debt or liability of her husband created for necessaries," yet the title to the property is. in the wife ; and the sheriff being a mere executive officer has no power to go behind the execution and the judgment, and determine the consideration of the judgment, and to settle the judicial question of the existence or non-existence of the exceptional fact which makes the property subject to the payment of the debt which is the foundation of the judgment. The wife is enti·led to her day in court, and the only manner in which her separate personal estate can be reached is in equity, or possibly by a suit against both, a judgment against the husband and a judicial determination of the fact by the judgment that it is for necessaries. *Kimball. v. Silvers*, 22 Mo. App. 520 ; *Kimm v. Weippert*, 46 Mo.. 532 ; *Whitesides v. Cannon*, 23 Mo. 457 ; *Gage v. Gates*, 62 Mo. 412 ; *Martin v. Colborn*, 88 Mo. 229. ( 3 ) There was no evidence in this case that the judgment was for necessaries ; the judgment being on a promissory note, the consideration of the note ( though for necessaries ) was merged in the note. ( 4 ) The court did not err in overruling defendant's motion in arrest of judgment. The property in controversy was in possession of the

plaintiffs under their replevin bond, as was shown by the evidence.  R. S. 1879, sec. 3857.

MACFARLANE, J.—This is an action of replevin brought by plaintiffs, who are husband and wife, to recover from defendant the possession of certain personal property, which is alleged to be the separate property of the wife.

The facts, so far as they affect the question at issue are, briefly, as follows:  Plaintiff, Louisa Bedsworth, is the wife of her coplaintiff, Lamar Bedsworth, and the property in dispute is the separate property of the wife as defined under section 3296, Revised Statutes, 1879. The husband created an indebtedness for necessaries for his wife and the family.  A note was afterwards given for the amount of such indebtedness, which was executed by both husband and wife.  Suit was instituted on the note against the husband and judgment rendered against him alone.  Upon this judgment an execution was issued and placed in the hands of the defendant, who was sheriff of the county of LaFayette, who levied it upon this property.  This replevin suit was in the interest of the wife for the possession of the property.

These facts appearing upon the trial, the court directed a verdict for plaintiff and judgment was entered accordingly.  An appeal was taken by defendant to the Kansas City court of appeals, where the judgment was affirmed, but one of the judges of said court being of the opinion that the decision was in conflict with the decision in the case of *Alexander v. Lydick*, 80 Mo. 341, the record was certified to this court for its determination of the case.

Waiving altogether the fact that the note was made by both husband and wife, the question for decision is whether the statutory separate personal property of the wife can be subjected to the satisfaction of a judgment against the husband alone, when the debt for which it

was rendered was created by the husband for necessaries for the wife and family.

The statute ( R. S. 1879, sec. 3296 ) provides that the personal property of the wife shall " be and remain her separate property, and under her sole control, and shall not be liable to be taken by any process of law for the debts of the husband." Language more simple, explicit and unambiguous could hardly have been used to express the intention of the legislature. To this part of the act, which defines the rights secured to the wife in this character of property, no room is left for interpretation. Every right of the husband previously existing, not only of disposal but of control, is excluded.

This property, then, having been made the separate property of the wife, she became clothed with all the rights and subject to all the liabilities attending a married woman, who held like property to her separate use before the enactment of the statute. Among these rights was that of obtaining credit on the faith of her separate estate, and among the liabilities was that of having the property charged by a proceeding in equity with the debts thus created, and sold for their satisfaction. That the wife was a necessary party to such a suit, and that a judgment against the husband alone would not bind her or her property, has never been questioned. The proceeding was directed against the property, and designed to divest the wife of her estate therein. Story, Eq., sec. 1397 ; *Whitesides v. Cannon*, 23 Mo. 457 ; *Kimm v. Weippert*, 46 Mo. 532 ; *Davis v. Smith*, 75 Mo. 225.

Indeed, the proposition is not questioned in this case, but counsel for defendant contends that the subsequent portion of the statute qualifies and limits the estate of the wife to such an extent that it does not become a separate estate in its technical common-law sense, but is simply a statutory estate, in which the

husband has such an interest as enables him to charge it for necessaries without the consent of the wife, and enables the creditor to subject it to the payment of his debt under legal process against the husband alone.

So much of the statute as need be quoted is as follows: The personal property of the wife shall "be and remain her separate property, and under her sole control, and shall not be liable to be taken by any process of law for the debts of the husband ; * * * but such property shall be subject to execution * * * for any debt or liability of her husband created for necessaries for the wife and family."

I am unable to observe any inconsistency between the absolute control of the wife over her property given in the former clause of the section and her obligation to contribute of her means to the support of herself and family in the latter. Prior to this statute the duty of the entire support of the family was imposed upon the husband. To compensate for this exclusive burden, he was entitled to the personal property of the wife absolutely ; when he is excluded from all right and interest in the property of the wife, it is but just that the property should be subject to the necessary support of the family. It is very clear that the provision of the statute making the separate property of the wife subject to executions for debts contracted by the husband for necessaries was not designed to qualify or limit the rights of the wife or to enlarge those of the husband, but simply to impose on the wife the legal, in addition to the moral, duty of contributing to the family support. The legislature unquestionably intended to vest in the wife the absolute and unqualified right to the use and control of her own property in all respects as other owners, as the husband himself. In respect to property rights the unity growing out of the matrimonial relation was destroyed. The wife was given the same ownership, possession and enjoyment of her property as she would have were she sole and unmarried.

*Emerson v. Clayton*, 32 Ill. 493; *Vankirk v. Skillman*, 34 N. J. 114; *Blair v. Railroad*, 89 Mo. 391.

It may have been within the power of the legislature to make provision that the property of the wife, in so far as it might be required in the support of the family, could be taken under process against the husband alone. Such a meaning is so at variance with the evident intent of this act that it cannot be incorporated into it by implication. When all parts of an act are consistent with each other and the intention is plain and unambiguous, we are not at liberty to go outside the law to seek an intent more in accord with our preconceived views than is manifest from the plain terms of the statute itself. *State v. Gammon*, 73 Mo. 421; *State v. Hays*, 78 Mo. 600.

There is nothing remarkable or unusual in the principle incorporated into the law under this legislation, when viewed from an unprejudiced standpoint in regard to the domestic relations. The husband is and ever has been, under certain conditions, liable for any debt created by the wife for necessaries for herself and family. Why should not the wife be also for such debts created by the husband? No reason can be given where the wife owns the property. It was never held that the husband had only such a qualified interest in his own property that it could be taken under execution against the wife. To collect, from the husband, a debt contracted by the wife, for necessaries, no one would think for a moment of doing by legal process against the wife alone. Formerly the husband was liable for the antenuptial debts of the wife. To satisfy such liability the legal process ran against the husband and not the wife alone. The principle in these cases is not different from the principle recognized and enjoined by this statute.

The wife being vested with the absolute control of her property, free from any interference on the part of the husband, could it be taken from her without due

process of law ? No such construction should be given the statute as would render it of doubtful constitutionality. The rights of protection in the enjoyment of private property is no less sacred because owned by a married woman. "In judicial proceedings the law of the land requires a hearing before condemnation, and judgment before dispossession." Cooley, Con. Lim. 436. "By the law of the land is most clearly intended the general law ; a law which hears before it condemns ; which proceeds upon inquiry and renders judgment only after trial." Mr. Webster in *Dartmouth College Case.*

Though section 3296 does not declare that the wife shall be notified, yet the law itself will imply that notice must be given as the *sine qua non* of jurisdiction and of judgment. Without notice no one can be passed upon either as to person or estate. *Laughlin v. Fairbanks,* 8 Mo. 367 ; *Wickham, Adm'r, v. Page,* 49 Mo. 526 ; *Brown v. Weatherby,* 71 Mo. 152 ; *Ray Co. v. Barr,* 57 Mo. 290 ; Wells on Juris., sec. 82.

Though a married woman's separate estate in equity could not be charged in consequence of her note given, unless she be made a party to the proceeding which would seek to enforce the charge created by a decree, so, by parity of reasoning, her statutory separate estate cannot be charged without she be made a party to the proceeding which seeks to enforce such statutory charge. Indeed, the argument is stronger in favor of her being made a party to the latter proceeding than to the former, because in the former it was her own act which makes the charge and lays the foundation for the decree, while in the latter it is done by another person ; it may be without her knowledge or consent, and without the existence of the facts necessary to create the charge.

In the states of Iowa, Illinois, Alabama, Pennsylvania and Mississippi are statutes similar to the one under consideration. Though many cases, involving the construction of these statutes, have been reported,

none has been found in which an attempt was made to charge the wife, or her property, without making her a party and giving her an opportunity to be heard. This argues that the wife is, by the courts of those states, regarded as a necessary party to a suit in which her property rights are involved. In Pennsylvania and Alabama the courts have repeatedly decided that both the pleading and the evidence must show a case of the wife's liability under the statute. *Childress v. Mann*, 33 Ala. 207; *Sawtelle's Appeal*, 84 Pa. St. 311; *Hoff v. Kroerper*, 103 Pa. St. 396. In a case in Iowa, the husband had given his note for necessaries, payable at a future day; the court held that the *cause of action accrued* against both husband and wife at the maturity of the note. There was a cause of action against the wife. *Lawrence v. Sinnamon*, 24 Iowa, 80.

If the husband bought a bill of groceries, professedly as necessaries for the wife and family, but in reality for another purpose, it might be very doubtful, on general principles, whether he could charge her separate statutory estate for such professed necessaries. *Louisiana Bank v. Laveille*, 52 Mo. 380; *Morrison v. Hancock*, 40 Mo. 565; *Deardorff v. Everhart*, 74 Mo. 37.

Not a single precedent, it is believed, can be found in the whole range of equity jurisprudence where a married woman's separate estate has been charged by a decree unless she was made a party to the proceeding, notwithstanding she signed the note and notwithstanding her husband signed it with her. *Riddick v. Walsh*, 15 Mo. 519.

There are as many issuable facts to be determined in a suit to subject her statutory separate estate to sale, under execution for necessaries, purchased by the husband for herself and family, as are ordinarily necessary to charge her separate equitable estate, for a debt of her own creating, by a decree of equity. In the former, before her property can be taken under execution, it

Bedsworth v. Bowman.

must be shown that a debt was created by the husband; that it was for necessaries, not for the husband, but for herself and family; and that the estate to be subjected to sale is her statutory separate property.

If the wife is to be deprived of a hearing, who is to be the judge of her liability, the husband, the creditor or the executive officer? The husband may collude with the creditor to subject her property to the payment of his debts, and thereby preserve his own. The property may be taken under process against the husband and disposed of without her knowledge. After her property has been seized under execution, she may not be able to avail herself of the remedies afforded by the law, on account of inability to give the bond required. Her rights and interests alone are to be affected and she is entitled to a hearing before and not after judgment.

While we do not regard it of much practical importance, in view of the present statutes respecting the rights and liabilities of married women, we deem it proper to say that we do not regard the statutory estate of the wife as being of the same character as was her equitable separate estate at common law, which could only be charged by a decree in equity. We are of the opinion that the estate created by the statute was intended to constitute a legal estate, and, for the purpose of charging it for a debt created for necessaries, a judgment at law would be binding upon the owner, and the property could be subjected to levy and sale, under execution, to satisfy such judgment, the same as that of an unmarried woman.

Judgment affirmed; all the judges of this division concur.