E. P. HARNED, Defendant in Error, v. SUSAN A. SHORES, Plaintiff in Error.

Kansas City Court of Appeals, May 16, 1898.

1. **Married Women**: CHARGE ON SEPARATE ESTATE FOR NECESSARIES: STATUTE CONSTRUED. Section 6869, Revised Statutes 1889, does not subject the separate real estate of a married woman to execution for the payment of her husband's debts created for the necessaries of the wife and family but only her separate personal estate.

2. ———: ———: PERSONAL JUDGMENT. Said statute does not charge a married woman personally with such debt but merely renders the personal property liable therefor and a personal judgment against her is erroneous.

3. **Appellate Practice**: EXCEPTION: RECORD PROPER. Where errors complained of are apparent on the record proper no exceptions are necessary.

*Appeal from the Cooper Circuit Court.*—HON. D. W. SHACKLEFORD, Judge.

REVERSED AND REMANDED.

W. G. PENDLETON and JOHN R. WALKER for plaintiff in error.

(1) Although no motions for review were filed in the trial court, the cause will be reviewed in the appellate court for error apparent on the face of the record. McIntire v. McIntire, 80 Mo. 470; Childs v.

R'y, 117 Mo. 414; Lilly v. Menke, 126 Mo. 190; Harrington v. Evans, 49 Mo. App. 372. The petition states no cause of action against the wife, Susan A. Shores. The note was not executed by her. The right of action against her, if any, must arise under the provisions of section 6869, Revised Statutes 1889, as amended by Acts 1895, page 222. Her real estate is not liable under this section, but her personal estate only, and of the character therein defined. As to her, the petition is fatally defective, in that it fails to allege the ownership of such personal estate by her, and to point it out. Acts 1895, p. 222; Latimer v. Newman, 69 Mo. App. 76; Todd v. Works, 51 Mo. App. 267. (3) This judgment is erroneous in so far as it is a personal judgment against the wife for the amount of the debt. Latimer v. Newman, *supra*.

C. D. CORUM and W. V. DRAFFEN for defendant in error, filed no brief.

ELLISON, J.—This is a suit upon a promissory note against one John T. Shores and wife, the plaintiff in error being the wife, Susan A. Shores. The petition is as follows:

"Plaintiff, for his cause of action, says that defendant John T. Shores, on the first day of January, 1894, by his promissory note of that date, by him duly executed, promised for value PETITION.     received, to pay to plaintiff, one day after date thereof, the sum of one hundred and eighty-five dollars and five cents ($185.05), with interest from date, at the rate of 8 per cent per annum; said note being filed herewith and marked exhibit 'A'; that on the first day of March, 1895, defendant paid to plaintiff (setting out certain payments) but defendant has failed, and still fails and refuses to pay the

balance of said note, or any part thereof, and said balance still remains due and unpaid. Plaintiff states that defendant, John T. Shores, husband of his code-fendant, is insolvent, and the note hereinbefore described can not be collected from him; that defendant, Susan A. Shores, had, at the time the note herein described was executed, a separate estate, consisting of certain lands lying and being in Kelly township, Cooper county, Missouri; that defendant Susan A. Shores, has a separate estate, consisting of a farm lying and being in Prairie Home township, Cooper county, Missouri, which said farm is described as follows (describing it).

"Plaintiff states that said farm last above particularly described was received in trade as the sole and only consideration for defendant Susan A. Shores' farm, which she owned at the time the note herein was executed, and which is situate in Kelly township, Cooper county, Missouri; and which she traded, exchanged and bartered for the farm that she now owns, and which is situate in Prairie Home township, Cooper county, and herein particularly described; that defendant Susan A. Shores, has a large amount of personal property in Cooper county, Missouri. Plaintiff states that said note was given to secure the payment of a store account, consisting of dry goods, groceries, etc.; that said account was created for necessaries furnished the wife and family of him, the said John T. Shores, husband of defendant Susan A. Shores. Wherefore plaintiff asks judgment for the amount of said note and interest and for costs."

The defendants answered separately, the answer of the plaintiff in error being a general denial. The cause was submitted to the court and a finding and judgment rendered for the plaintiff for $110.01 including in said judgment the following: "The court further

finds, that defendant John T. Shores, is the husband of his codefendant Susan A. Shores; that the said John T. Shores is insolvent; that the said sum of one hundred and ten dollars and one cent ($110.01) was created for necessaries for the wife and family of the said John T. Shores, which said necessaries were furnished by plaintiff herein. The court further finds, that defendant Susan A. Shores, has a separate estate in and to the following described land situate and being in Cooper county, Missouri, that is to say: (Here follows a description of the land.) The court further finds, that the farm herein last described was received in trade as the sole and only consideration for the farm owned by defendant Susan A. Shores, as her sole and separate property at the time the debt herein was made and contracted.

*JUDGMENT.*

"It is therefore ordered and adjudged by the court that the plaintiff have and recover of the defendants the said sum of one hundred and ten dollars and one cent ($110.01), together with his costs and charges in this behalf laid out and expended, and that execution issue therefor. It is further adjudged and decreed by the court that the said sum of one hundred and ten dollars and one cent ($110.01), so found to have been created for necessaries, as aforesaid, furnished the wife and family of the said John T. Shores, be, and the same is hereby, declared a lien upon the separate estate of defendant Susan A. Shores, in and to the real estate hereinbefore described, and it is ordered that a special *fieri facias* issue against the same in favor of the plaintiff herein.''

The petition is founded on section 6869 as amended in Laws 1895, page 222, which reads as follows: "All real estate and (any) personal property, including rights in action, belonging to any woman at her marriage, or

which may have come to her during coverture, by gift, bequest or inheritance, or by purchase with her sepa-

STATUTE.

rate money or means, or be due as the wages of her separate labor, or has grown out of any violation of her personal rights, shall, together with all income, increase and profits thereof, be and remain her separate property and under her sole control, and shall not be liable to be taken by any process of law for the debts of her husband. This section shall not affect the title of any husband to any personal property reduced to his possession with the express assent of his wife: Provided, that said personal property shall not be deemed to have been reduced to possession by the husband by his use, occupancy, care or protection thereof, but the same shall remain her separate property, unless by the terms of said assent, in writing, full authority shall have been given by the wife to the husband to sell, encumber or otherwise dispose of the same for his own use and benefit, but such property shall be subject to execution for the payments of the debts of the wife contracted before or during marriage, and for any debt or liability of her husband created for necessaries for the wife or family; and any such married woman may, in her own name and without joining her husband, as a party plaintiff institute and maintain any action, in any of the courts of this state having jurisdiction, for the recovery of any such personal property, including rights in action, as aforesaid, with the same force and effect, as if such married woman was a *femme sole:* Provided, any judgment for costs in any such proceeding rendered against any such married woman, may be satisfied out of any separate property of such married woman subject to execution; provided, that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all

Harned v. Shores.

questions involved shall have been therein determined, and shall be recited in the judgment and the execution thereon."

The only difference made by the amendment was in adding the last proviso requiring the wife to be made a party and for certain recitations in the judgment. The amendment was doubtless the result of the action of the supreme court in the case of Gabriel v. Mullen, 111 Mo. 119, wherein the cases of Bedsworth v. Bowen, 104 Mo. 44, and Gabriel v. Mullen, 30 Mo. App. 464, were overruled.

It will be noticed that the petition seeks to charge the wife's separate real estate as well as her separate personal property with the husband's MARRIED women: debt for necessaries for the family, and charge on separate estate that the judgment does charge the real for necessaries: statute con- estate. We agree with defendant's coun- strued. sel that the statute does not authorize the charge of the real estate. The section above set forth, secures to the wife both real estate and personal property which belonged to her at her marriage or which came to her during her marriage. This is done in the first sentence of the section. But the next sentence, including the first proviso, refers *exclusively* to personal property. And it is in that proviso that we find the right given to seize the wife's property for the husband's debts which may be created for necessaries. The language is that "said personal property shall not be deemed to have been reduced to possession by the husband, * * * but such property shall be subject to execution * * * for any debt or liability of her husband created for necessaries for the wife or family." The words, "*such* property," unquestionably refer to the personal property mentioned in the first part of the proviso.

(2) The judgment seems to be a personal judgment against the wife. This was also unauthorized. The statute makes no attempt to charge her personally with a debt created by her husband for necessaries, but merely renders her personal property liable to execution for such debt, where she has been made a party to the suit which resulted in the judgment on which the execution is founded.

*—: —: personal judgment.*

(3) No exceptions were taken or preserved to the action of the court, but the errors complained of being apparent from the record proper none were necessary. Lilly v. Menke, 126 Mo. 211. The judgment will be reversed. All concur.

*APPELLATE practice: exception: record proper.*