JOSEPH MEGRAW, Plaintiff in Error, v. THEODORE WOODS et ux., Defendants in Error.

Kansas City Court of Appeals, April 7, 1902.

1. **Married Women:** FAMILY NECESSARIES: SEPARATE ES-TATE: POSITION IN LIFE. What are family necessaries for which the wife's separate estate will be liable, depends largely upon the property condition of the husband or wife and the style of life they may affect; and this is not changed by subsequent changes of condition.

2. ——: ——: SEPARATE ESTATE: AFTER-ACQUIRED PROPERTY: IN REM. The separate property which the married woman possessed at the time of the contract is alone liable for the necessaries and not that subsequently acquired, and the proceeding as it affects the wife is *in rem* rather than *in personam.*

3. ——: ——: ——: PLEADING: JUDGMENT: EXECUTION. A petition to subject the separate property of a married woman to the payment of family necessaries contracted for by the husband must describe her personal estate which is sought to be held and such estate must have been in existence when the necessaries were purchased and when the action was instituted; the judgment, also, and execution should each recite that the debt was for necessaries and each describe the property.

4. ——: ——: ——: ——. A petition under review held to state no cause of action against the property of the defendant wife.

Error to Howard Circuit Court.—*Hon. Jno. A. Hockaday,* Judge.

Affirmed.

*S. C. Major* and *A. W. Walker* for defendants in error.

(1) The petition does not state facts sufficient to constitute a cause of action against the defendant in error, Rowena A. Woods, and the last proviso of section 4340, Revised Statutes 1899, which proviso was passed by way of amendment in 1895, is itself a complete answer to the contention of plaintiff in error to the effect that the purpose of the section is merely to require the court to determine whether separate personal property of the wife is legally liable to execution for the debt and that other questions should be determined after the issuance of the execution. Latimer v. Newman, 69 Mo. App. 83; Nunn v. Carroll, 83 Mo. App. 140. (2) The petition does not state facts sufficient to constitute a cause of action against the defendant in error, Rowena A. Woods, in that it does not sufficiently describe what separate personal

property of said defendant in error is sought to be charged. Such an allegation has been expressly held to be necessary both before and since the amendment of the statute. Osborne v. Graham, 46 Mo. App. 28; Latimer v. Newman, 69 Mo. App. 83. (3) The petition is further defective because it fails to state that any separate property liable to execution existed at the time the debt was incurred by the husband. Osborne v. Graham, 46 Mo. App. 34; Arnold v. Brockenbrough, 29 Mo. App. 638.

*O. S. Barton* and *Crawley & Son* for plaintiff in error.

(1) Under section 4340 as it now stands, the wife is joined as a party, not for the purpose of recovering a personal judgment against her (Harned v. Shores, 75 Mo. 506), nor in order to charge a lien upon her property (Nunn v. Carroll, 83 Mo. App. 135), but merely that it may be determined in advance of the execution whether or not her personal property is legally liable to be taken in satisfaction of the particular debt for which her husband is sued. In other words, it is the evident purpose of section 4340 that a personal judgment should be rendered against the husband alone; and if personal property of the wife is found to be legally liable to execution, the court should so adjudge; and subsequent proceedings by the sheriff under the execution should be the same as in cases where the husband's property acquired from the wife may be taken to satisfy a debt of the wife contracted before marriage. Todd v. Works, 51 Mo. App. 267; Gabriel v. Mullen, 111 Mo. 119. (2) In this case the petition alleges the ownership of a large farm, the insolvency of the husband and the agreement of both husband and wife to satisfy the debt out of the rents and products of her farm. To hold that the specific crops raised or to be raised on the land must be described, and that no other crops than those so described can be taken to satisfy the judgment, tends to defeat the very

purpose of the statute, without serving any useful end whatever. If the suit is commenced before the crops are planted, it is, of course, impossible to say what they will be; if brought after planting and before harvest, they constitute part of the freehold and are not liable to the execution; if brought after harvest, there is no way in the world to. prevent the wife from disposing of them before judgment. The suggestion made by his honor, Judge SMITH, in the case of Osborne v. Graham, 46 Mo. App. 28, that plaintiff might in that case have applied for an injunction and had a receiver appointed, could not be followed here.

ELLISON, J.—This is an action against husband and wife to recover judgment for balance due for rent of house which was occupied by them as a family residence. There was a demurrer to the petition and, it being sustained by the trial court, plaintiff declined to amend and has brought the case here.

It was conceded that a house, as a residence for the family, was included in family necessaries. Reed v. Crissy, 63 Mo. App. 184. The particular ground of the demurrer is that the property sought to be held was not described in the petition.

There are two sections of the statute which provide that the wife's separate property may be taken in execution for the liabilities of the husband created for necessaries for the family. That section which secures to the wife the rents, issues and products of her real estate free from the claim of her husband's creditors provides, by way of exception, that such rents and products may be taken for his debts which were created for necessaries for the family (sec. 4339, R. S. 1899). The other section also secures to her free from the husband's debts, the income and profits of her real estate, as well as other properties mentioned therein; and it also provides, by way of exception, that her personal property shall

be liable for the husband's debts for family necessaries. This latter section contains the following proviso: *"Provided,* that before any execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all questions involved shall have been therein determined, and shall be recited in the judgment and the execution thereon." Sec. 4340, R. S. 1899. This proviso applies to both sections. So that the question to determine is, what is its proper construction? It was added to the statute by way of amendment in 1895. Prior to that amendment it had been decided by this court that before the wife's property could be taken in execution for the husband's debts for the necessaries for the family, she must be made a party to the suit; that the petition should allege that she had such separate property and owned it at the time the debt sued for was contracted, and that it should describe the property. Gabriel v. Mullen, 30 Mo. App. 464; Bedsworth v. Bowman, 31 Mo. App. 116. Those cases were certified to the Supreme Court. The latter was heard first, and that court decided that it was necessary to make the wife a party. 104 Mo. 44. Afterwards, the former case was heard and the Supreme Court, by majority opinion, overruled their decision in the Bedsworth case. 111 Mo. 119. Then shortly afterwards, in 1895, followed the amendment aforesaid, wherein the Legislature abrogated the last ruling of the Supreme Court by enacting, not only that the wife should be made a party, but that *all questions involved in the case* should be determined and should be *recited in the judgment and execution.*

What are the questions involved in a suit against the husband and wife where it is sought to take her separate property for his debt for family necessaries? It is manifest that whether the debt was for necessaries for the family; and whether the wife had a separate estate; and necessarily a description of such estate, are questions involved. Latimer v. Newman, 69 Mo. App. 76. We think that it is clear that

whether such estate was owned at the time the debt was contracted and at the time suit was brought, are questions also involved in the action. That this latter proposition must be true will appear from the familiar consideration that what are family necessaries depend largely upon the property condition of the husband or wife. For the purposes of this case, we may confine that observation to the wife alone. If she is a woman of large wealth, necessaries become enlarged into what, in some instances, would be luxuries. Necessary plain clothing for decency and comfort become, under the increased wants which follow wealth, fine raiment made in great part for attractiveness and set off with jewels; and the modest house at small annual rent gives way to a more pretentious dwelling at a much greater rental. So, whether an article purchased is a "necessary" article depends much on the ability of the woman to afford it and the style of life she leads. And that depends on the amount and value of her property and the pretensions she makes in life. Thus, suppose husband and wife are quite poor and he should purchase some household article of great value. It would not be considered by the courts as an article of family necessity, and, therefore, her small property could not be made liable for the payment of its price. The liability of her property is settled by a determination of whether the article purchased is a family necessary, and whether it is a family necessary is determined by the extent and value of her property and the style of life she affects. Her property status, mode of life and condition at the time of the purchase, fixes the status of the thing purchased. And it is not changed by subsequent change of condition. If the husband of a woman of great wealth should purchase a costly article which would only be considered a necessity for the wealthy, and she should afterwards lose all her possessions and then afterwards, by some separate and independent mode, acquire a small separate estate, could it be that the creditor could

take it from her, on the plea that when bought she had property which justified its purchase as a necessity?

"The law can not be supposed to have contemplated the acquirement of necessaries on the credit of such separate estate as might afterwards come to the wife, nor the sale of them, in reference to the liability of any subsequent estate. The purchase can not be supposed to have been made on the credit, nor the sale on the faith, of any other than the existing separate estate. An analysis of the spirit and object of the law, therefore, gives support to the proposition, that only the separate estate of a married woman, had at the time of the contract, is liable for it." Ravisies v. Stoddart, 32 Alabama 599. And so we decided in Osborne v. Graham, 46 Mo. App. 28. There can be no personal judgment against her for such debt of her husband. It is only her *property* which is liable. Harned v. Shores, 75 Mo. App. 500. Therefore, "as to the wife the suit is rather a proceeding *in rem* than *in personam*. The judgment rendered as to her, ascertains and concludes no fact except that she has a separate estate, subject to its satisfaction. It is of consequence a rule of pleading, that to support the proceeding, the existence of this estate must be averred, and that it may be known on what the judgment is to operate, it must be described. The separate estate being an indispensable element of the proceeding, it must exist when the contract is made, out of which its liability arises; and its existence must continue to the institution of the suit. If when the contract is made the estate does not exist, the liability can not arise; and if it is exhausted, or from any cause ceases to exist before institution of suit, there would be no foundation for a judgment as to the wife." Pippin v. Jones, 52 Ala. 161; Cauley v. Blue, 62 Ala. 77. Considering the opinions which have been delivered here and by the Supreme Court in Gabriel v. Mullen, and by the Supreme Court in Bedsworth v. Bowman, in connection with the amendment aforesaid, we must conclude that the amend-

ment was intended to enact into law the views expressed by the Supreme Court in the Bedsworth case and by this court in the Gabriel case as being the law. In the Gabriel case we stated that suits of this character should be brought in equity. Merwin on Equity, secs. 48-52. The Supreme Court in the Bedsworth case, as to that point, said it could be maintained at law; and so that view must prevail.

We are therefore of the opinion that a proper and reasonable construction of the statute requires the petition to describe the personal estate of the wife which is sought to be held. That this estate must have been in existence when the necessaries were purchased and when the action was instituted. And that the judgment and execution should each recite that the debt was for necessaries and should each describe the property. The petition wholly failed to meet these requirements. It alleges that the wife was the owner of a certain farm, describing it, and concludes with the following prayer:

"Plaintiff therefore asks judgment for said balance, to-wit, $481.93, with interest at six per cent per annum from said twenty-seventh day of March, 1900, and costs of suit; and plaintiff further prays that said debt and costs be adjudged a debt for necessaries within the meaning of the statutes relating to the separate estate of married women, and that the same and the execution issued thereon may be satisfied out of the rents, issues and products of the farm of said Rowena A. Woods, and for such further relief as may be proper."

The only thing described is the real estate. And that is not liable for the debt under the statute. Harned v. Shores, supra. There is no description of personal property, i. e., the rents, issues and products of the real estate. There is no identification of any product by stating what it consisted of, or whether it was a crop in existence when the debt, or any several part thereof, was created, or when the suit was brought.

Indeed, plaintiff makes no claim that a description of personal property is stated.

The petition in stating the cause of action alleges that it was understood that rent was to be paid out of the products of the farm and that the husband's promise to that effect was made with the consent of the wife. It is sufficient to say of these allegations that the petition, as a whole, does not state a cause of action against the wife; and its object, as clearly disclosed, was to state a case under the statute we have discussed. It is therefore useless to complicate the question involved with a discussion of what rights and remedies may exist against a married woman on her own contract for family necessaries.

The trial court, in our opinion, took the right view of the case and its judgment will be affirmed. All concur.