C. B. DOUGHERTY and R. E. DOUGHERTY, doing Business under the Name of DOUGHERTY BROTHERS, Appellants, v. C. B. McCLELLAND and MRS. C. B. McCLELLAND, Husband and Wife, Respondents.

Kansas City Court of Appeals, February 7, 1916.

1. LANDLORD AND TENANT: Contracts: Apartment Lease. The plaintiffs sued to recover damages against the defendants for the breaking of a lease of an apartment, the damage being measuerd by the contract price of the apartment for the remainder of the term, less rentals secured during the period from another tenant to whom plaintiffs rented the apartment after the breach of the lease. Judgment was had against the husband and in favor of the wife, who was made a party defendant to the suit. Held, that the demand is not upon a debt of the husband for necessaries furnished to his family but is for the recovery of damages for the breach of the husband's executory contract which, if performed, would have ripened into a debt or liability for necessaries.

2. ————: ————: ————: Married Women. The statutes relating to married women (Sec. 8309, R. S. 1909) provide that the separate property of the wife shall be subject to execution for any debt or liability of her husband created for necessaries for the wife or family. Provided, that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action and all questions shall have been therein determined, and shall be recited in the judgment and execution thereon.

3. ————: ————: ————: ————. There can be no personal judgment against a wife for a debt created by her husband for necessaries and the right to levy execution upon her property to satisfy such debt is in rem not in personam.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

.AFFIRMED.

*John A. Showen* and *Ed. E. Aleshire* for appellants. .

*Milton Schwind* for respondents.

JOHNSON, J.—Plaintiffs leased apartments to defendant, C. B. McClelland, for a term of one year from November 1, 1913, at a rental of $32.50 per month, and the apartments were occupied by McClelland and his family as a residence until May 15, 1914, when they were vacated. The rental was paid for the time of actual occupancy and this suit is to recover damages measured by the contract price of the apartments for the remainder of the term, less rentals received during that period from another tenant to whom plaintiffs rented the apartments after the breach of the lease. The wife of defendant lessee was joined as a defendant and a writ of attachment issued in aid of the suit was levied upon household goods which were her separate property. Among the grounds of attachment alleged in the affidavit was the ground that "defendants were about to remove out of this State with the intent to change their domicile." The issues raised by separate pleas in abatement filed by the respective defendants were tried and adjudged in their favor, but in the view we take of the case on the merits it will not be necessary to determine questions discussed in the briefs relating to the attachment branch of the case.

The petition prays for personal judgment against the defendant husband for the damages to plaintiff from the breach of the lease which is conceded, and recognizing that the defendant wife, not being a party to the lease could not be held personally liable for the

default of her husband, prays that the judgment against him "be adjudged a debt for necessaries within the meaning of the statutes relating to the separate estate and property of married women, that the same be adjudged a lien on the personal effects of the wife, and that the attached property be sold for the satisfaction of the judgment."

A trial of the merits resulted in a judgment for plaintiff against the defendant husband for the full amount of plaintiff's demand and in favor of the wife. Plaintiff appealed and contends that he is entitled to the satisfaction of the judgment out of the attached property of the wife.

Passing other questions we hold the judgment should be affirmed for the following reason. The statutes relating to married women (Sec. 8309) provide that the separate property of the wife shall be subject to execution "for any debt or liability of her husband created for necessaries for the wife or family: . . . *Provided*, that before any such execution shall be levied upon any separate estate of a married woman, she shall have been made a party to the action, and all questions involved shall have been therein determined, and shall be recited in the judgment and the execution thereon." There can be no personal judgment against the wife for a debt created by her husband for necessaries (Harned v. Shores, 75 Mo. App. 500) and the right to levy execution upon her property to satisfy such debt is *in rem*, not *in personam* (Megraw v. Woods, 93 Mo. App. 647; Moran v. Montz, 175 Mo. App. 460) and is restricted to debts or liabilities created by the husband for necessaries for the wife or family.

A debt of the husband for the rent of suitable apartments occupied as a residence by him and his family is a debt for necessaries within the statutory meaning of that term. [Bell v. Little, 83 Mass. 219.]

As is well said in the cited case, "A habitation or place of abode is needful to the decent and comfortable support of a family and the preservation of the health and lives of its members and is little, if at all, less essential for that purpose than fuel, food or raiment."

But the demand in the present case is not upon a debt of the husband for necessaries furnished. to his family but is for the recovery of damages for the breach of the husband's executory contract which, if performed, would have ripened into a debt or liability for necessaries. "The liability of the wife's personal estate to respond to an execution for the husband's judgment debt for family necessaries is nothing but a statutory qualification or condition annexed to the separate ownership conferred." [Gabriel v. Mullen, 111 Mo. l. c. 126.] It does not proceed from any contract of hers but from the statute and its scope should not be extended by judicial construction beyond that defined in the terms of the statute reasonably construed. The statute recognizes the primary duty and liability of the husband to provide his family with necessaries but in the interest of the preservation of the family gives the creditor who furnishes such necessaries under contract with the husband, the right to look to the separate personal estate of the wife for the satisfaction of his demand. It does not extend the liability to a demand for damages resulting from the husband's breach of a contract which, if performed, would have created a debt for necessaries. [Gregory v. Lee, 64 Conn. 407, 30 Atl. 53.] It is for necessaries furnished, not those contracted for but not furnished, that the wife's property may be levied upon to satisfy the judgment debt of the husband.

The judgment is affirmed. All concur.