## WADKINS et ux. v. DILLINGHAM.
### No. 7844.

Court of Civil Appeals of Texas. Austin.
April 19, 1933.

W. H. Nunn and Wilcox & Graves, all of Georgetown, for plaintiffs in error.

H. F. Lewis, of Lampasas, and G. A. Walters, of San Saba, for defendant in error.

McCLENDON, Chief Justice.

Appeal (by writ of error) from a default judgment against Wadkins and wife in a suit upon a promissory note, executed by both spouses.

■ The controlling question here is whether the petition was sufficient to support a personal judgment against Mrs. Wadkins; or, specifically, whether it affirmatively alleged a debt "contracted by the wife * * * for necessaries furnished her or her children." R. S. art. 4623. We quote in full the pertinent portions of the petition:

"Plaintiff further alleges that on the date of the execution of said note defendant, J. W. Wadkins had no separate estate and that there was no property belonging to the community estate, except such as was exempt to them under law and that said defendant was

©⟶For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

then and is now insolvent; that the said defendants then lived in Burnet County, Texas, and had no home for a dwelling place of their own for themselves and children and have never since acquired one in Williamson County, Texas, where they now reside, nor elsewhere to the knowledge of this plaintiff; that said note was given for a house in which said Daisy Wadkins and her children were to reside in for their home and for lands which they were to cultivate in order to provide for food and clothing for her said children and for herself, and which were necessaries of life for herself and her said children; that said dwelling and farm which belonged to plaintiff were rented at her instance and on her authorization, and that said note was executed expressly at her request and on her authority jointly with her husband; and that said debt is a reasonable and proper charge for the said Daisy Wadkins to incur for herself and for her said children of which said defendants had some four or five in number living with them at said date of the execution of said note. That said J. W. Wadkins and Daisy Wadkins were on the date of the execution and delivery to plaintiff of said note, husband and wife."

We have reached the conclusion that these allegations are fatally defective in failing to aver that the alleged necessaries were actually furnished; and that this defect constitutes fundamental error.

■ In Trimble v. Miller, 24 Tex. 215, it was held (Roberts, J., writing) that where the petition discloses coverture it will not support a default judgment against the wife unless by affirmative averment facts are disclosed which authorize a judgment against her.

There has been no deviation from this holding. See 23 Tex. Jur., p. 342, § 294, and Speer's "Marital Rights" (3d Ed.) p. 653, § 530, for other cases on the subject. It is a necessary application of the general rule of pleading in this state which requires the plaintiff to allege facts constituting every essential element of his cause of action.

■ The statute under which this suit is brought limits the contracting power of the wife to "necessaries furnished." This, we think, clearly imports an executed contract in so far as concerns the furnishing.

"The necessaries must have been actually furnished, not merely contracted for, and the wife is not liable for breach of an executory contract entered into by her or her husband." 30 C. J. p. 920. And see Fell v. Brown, 115 Pa. 218, 8 A. 70; Dougherty v. McClelland, 192 Mo. App. 498, 182 S. W. 766.

■ Appellee contends that since the suit was upon a promissory note (importing in law a consideration), it was not necessary to aver that the contractual consideration had been paid or performed; such being a matter of defense, which must be raised by special plea of failure of consideration. This position would be sound if the wife had general power to bind herself by promissory note or otherwise. But not so under the statute. The form of contract under which she is sought to be held bound is not material. In substance it must embrace the element, essential to liability, of "necessaries furnished"; and this essential element must be alleged.

Indulging every reasonable intendment in favor of the petition's sufficiency, it alleges at most an executory contract to furnish necessaries and not one of necessaries furnished. There is not the slightest suggestion in the petition that appellee ever performed or even tendered performance of the contract, or that appellants ever received the property or used it for the purpose alleged.

Appellants further urge that "lands * * * which they were to cultivate in order to provide food and clothing for her said children and herself," are not necessaries within the meaning of the statute. The cases relied upon are those which exclude from the term rental on property used in a business or profession engaged in by the wife. 23 Tex. Jur., p. 202, note 19.

■ The authorities in this state and generally hold that "necessaries for the family," and terms of like import, when not otherwise restricted, include rental on a family dwelling. Harris v. Williams, 44 Tex. 124; 13 R. C. L. p. 1196, § 228; 30 C. J. 922, § 626.

■■ We cannot say, as a matter of law, that a farm which is occupied and used by the family as a place of abode and is cultivated by the family as a means of livelihood, is not in its entirety a necessary within the meaning of our statute. Each case must be judged and classified in this regard by its own peculiar circumstances. See 23 Tex. Jur., p. 200, § 170. We think the allegations sufficient in this respect, at least as against a general demurrer. In any event, they do not vitiate the petition as regards the dwelling. Hild v. Hellman (Tex. Civ. App.) 90 S. W. 44.

The note provided for 8 per cent. interest. The judgment awarded 10 per cent. Otherwise appellant Wadkins does not assail the judgment. Appellee confesses error in this regard.

As to appellant J. W. Wadkins the judgment is reformed so as to substitute 8 per cent. for 10 per cent. interest, and as so reformed it is affirmed. As to Mrs. Wadkins the judgment is reversed and the cause remanded.

Reformed and affirmed in part; and in part reversed and remanded.